IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

DAVID SIEVERDING, *et al.,*

Plaintiffs,

    v.       Case No.  1:05CV01672
    (RMU)

JANE BENNETT, *et al*.,

Defendants.

_____

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine, (collectively herein, "Defendants"), through their undersigned attorneys O'Brien, Butler, McConihe & Schaefer, LLP, respectfully move this Court for an Order dismissing the Plaintiffs' Complaint, and state as follows:

**INTRODUCTION**

On or about August 22, 2005, the Plaintiffs *pro se* filed their Complaint.  This action represents the tenth *pro se* civil action the Plaintiffs have filed in state and federal courts that surrounds the same set of facts and encompasses the same issues.[1]  The Sieverdings' Complaint contains more than four hundred (400) paragraphs and it is difficult to understand but it stems from a series of incidents that began in 1991 when the Plaintiffs became involved in a dispute with their neighbors in Steamboat Springs, Colorado.  The Plaintiffs' Complaint purports to state claims for, *inter alia*, conspiracy,

---

[1] On July 18, 2005, the Plaintiffs filed an initial Complaint in this Court (case #1:05CV01283), which named as defendants many of the same defendants as in the present Complaint and was based upon the

1

intentional interference with economic advantage, and negligence surrounding the Plaintiffs' dispute with their neighbors and the related legal proceedings.

The Plaintiffs' Complaint should be dismissed based upon the Plaintiffs' failure to include sufficient facts to support personal jurisdiction of this Court over the Defendants; the Plaintiffs violation of a Colorado District Court's ruling enjoining them from engaging in *pro se* civil litigation; and the Plaintiffs violation of Rule 8 of the Federal Rules of Civil Procedure.[2]

### ARGUMENT

**1. Plaintiffs' Complaint Lacks Sufficient Facts To Demonstrate Personal Jurisdiction.**

The Plaintiffs' Complaint should be dismissed because it fails to provide sufficient facts upon which this Court may determine whether it may exercise personal jurisdiction over the Defendants. In order to establish personal jurisdiction over a defendant in the District of Columbia, a plaintiff must demonstrate that (1) the defendant transacted business in the District of Columbia; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." Atlantis Corp. v. Nisource, Inc., et al., 290 F. Supp.2d 34 (D.C.C. 2003)(*citing* Dooley v. United Technologies, 786 F. Supp. 65, 71 (D.D.C 1992)).

The Plaintiffs' allegations regarding jurisdiction are insufficient as they do not contain the jurisdictional information for each and every party. The Plaintiffs merely

---

same operative facts as the present Complaint. On September 7, 2005, motions to dismiss the Plaintiffs' initial Complaint were filed by all of its named defendants.

[2] Upon information and belief, Plaintiffs Ed Sieverding and Tom Sieverding are minors and are therefore incompetent to bring this action upon their own behalf. Defendants have not made such an argument because it lacks sufficient information regarding the Plaintiffs' dates of birth.

allege that the District of Columbia is an appropriate forum because they live in Wisconsin and "…to the best of plaintiffs' knowledge none of the defendants live in Wisconsin [and] the defendant who is most influential in recent events is located in the District of Columbia…" The Plaintiffs do not identify the "defendant who is most influential," nor do they provide sufficient facts to demonstrate purposeful activity in the District of Columbia by any of the Defendants. The Plaintiffs' failure to demonstrate that the District of Columbia has jurisdiction over the Defendants subjects their Complaint to dismissal with prejudice pursuant to Fed.R.Civ.P 12(b)(2).

### 2. The Plaintiffs Are Barred By A Federal Court Order From Filing This Lawsuit *pro se*.

The Plaintiffs' Complaint is also subject to dismissal because the Sieverdings are subject to a filing bar entered by Judge Edward Nottingham of the U.S. District Court for the District of Colorado, which was recently affirmed by the Tenth Circuit. *See Sieverding v. Colorado Bar Association*, No 02-N-1950 (D. Col. Mar. 19, 2004) (unpublished order); *Sieverding v. Colorado Bar Association,* No. 04-1108 (10th Cir. Apr. 22, 2005) (unpublished order). The filing bar "enjoin[s] and prohibit[s] the Sieverdings from commencing litigation in [the District of Colorado] or any other court based on the series of transactions described in [the District of Colorado case] unless they are represented by counsel." *See* Exhibit A (March 19, 2005 order) and Exhibit B (Magistrate's report and recommendation). That injunction was affirmed on appeal, and as part of the affirmance, the U.S. Court of Appeals for the Tenth Circuit specifically approved the District of Colorado's injunction limiting these plaintiffs' future *pro se* litigation. *See* Exhibit C (10th Circuit O&J) and Exhibit D (Order denying petition for rehearing en banc).

The allegations in the Sieverdings' *pro se* Complaint are clearly within the ambit of the Colorado District Court's filing bar. In the first paragraph of the Complaint, the Plaintiffs make clear that their Complaint contains the same allegations of fact that were contained in the Complaint they filed in the U.S. District Court in Colorado, which the Plaintiffs' allege was litigated from January 2003 through May 2005. The Plaintiffs' Complaint is clearly based upon the series of transactions described in the Colorado case, and it is therefore subject to the filing bar entered by Judge Nottingham in the District Court in Colorado and should be dismissed with prejudice.

On September 2, 2005, Judge Nottingham held a contempt hearing based upon the Plaintiffs' violation of the District of Colorado court's injunction barring the Plaintiffs from filing their *pro se* Complaint, and other *pro se* civil actions involving any of the transactions addressed in the Colorado action.[3] At the hearing, Judge Nottingham found Plaintiff Kay Sieverding in civil contempt for violating the Court's injunction and ordered her incarcerated until such time that she voluntarily dismisses this present action with prejudice, as well as any other actions she has filed that are based upon the Colorado action.[4] Kay Sieverding refused to abide by the Court's ruling and was immediately incarcerated. As of this date, the Defendants understand that Kay Sieverding remains incarcerated.

David Sieverding agreed to abide by the Court's ruling and was ordered to dismiss his pending claims no later than September 9, 2005. Mr. Sieverding timely filed a Notice of Withdrawal in the other pending District of Columbia case. *See* Exhibit F

---

[3] The Defendants have ordered the official transcript of the September 2, 2005 hearing, but for purposes of this Motion, the Defendants refer this Court to the Courtroom Minutes of the hearing that are attached as Exhibit E.

4

(David Sieverding's Notice of Withdrawal for District of Columbia case # 1:05CV01283). For unknown reasons, Mr. Sieverding did not file on Notice of withdrawal the present Complaint.

### 3.     Plaintiffs' Lawsuit Should Be Dismissed Based Upon Its Failure To Comply With Rule 8 Of The Federal Rules Of Civil Procedure.

Plaintiffs' Complaint should be dismissed because it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to provide a statement of a claim showing that the Plaintiffs are entitled to relief. The intent of Rule (a)(2) is to require that the pleader's "short plain statements" give fair notice to the Defendants of what the Plaintiffs' claims are and the grounds upon which they rest. Bodine Produce, Inc. v. United Farm Workers Organizing Committee, 494 F.2d 541 (9th Cir. 1974). The District Court has authority to strike a pleading which does not comply with notice pleading requirement of FRCP 8(a), although exercise of such power should be reserved for cases in which the pleading is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. Nagel v. Pocono Medical Ctr., 168 FRD 22 (Pa. 1996).

The Plaintiff's Complaint is incomprehensible and it fails to provide the Defendants with notice of the Plaintiffs' claims and the grounds upon which the claims rest. Under the heading "Claim" in the Complaint, the Plaintiffs allege that certain defendants attempted to "invade the [Plaintiffs'] protected constitutional rights of liberty and property and to retaliate against them…" The Plaintiffs' further allege that certain Defendants "aided and abetted criminal and tortuous conduct…" while other Defendants

---

[4] The Sieverdings presently have three (3) lawsuits pending that are subject to Judge Nottingham's Order; two pending lawsuits in the District of Columbia and one pending lawsuit in the District Court for the City and County of Denver.

5

"…recklessly risked plaintiffs' rights."  The Plaintiffs' Complaint fails to allege sufficient facts that indicate how each defendant's conduct played a role in causing the Plaintiffs' injury or even which of the defendants' proximately caused them injury.  Rather, the Plaintiff's Complaint contains only rambling and incoherent allegations that fail to provide the Defendants with notice of the Plaintiffs' claims and the grounds upon which the claims rest.  Accordingly, Plaintiffs' Complaint should be dismissed because it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to provide a statement of a claim showing that the Plaintiffs are entitled to relief.

## **CONCLUSION**

The Plaintiffs' Complaint should be dismissed based upon the Plaintiffs' failure to include sufficient facts to support personal jurisdiction of this Court over the Defendants; the Plaintiffs violation of a Colorado District Court's ruling enjoining them from engaging in *pro se* civil litigation; and the Plaintiffs violation of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard

Tremaine respectfully request this Court dismiss the Plaintiffs' Complaint with prejudice and grant such additional relief it deems appropriate under the circumstances.

                Respectfully submitted,

                _____
                Kevin A. Kernan, Esquire
                Bar No. 457194
                O'BRIEN, BUTLER, McCONIHE & SCHAEFER
                Suite 1200, Brawner Building
                888 Seventh Street, N.W.
                Washington, D.C.  20006-3967
                Tel.: (202) 298-6161
                kkernan@obmslaw.com

                Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the forgoing DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was mailed, first class postage prepaid, on this 16th day of September 2005 to Kay Sieverding, Ed Sieverding, and Tom Sieverding at 641 Basswood Avenue, Verona, Wisconsin 53593.

                _____
                Kevin Kernan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

KAY SIEVERDING, *et al.,*

Plaintiffs,

    v.                                                                Case No.  1:05CV01672
                                                                             (RMU)

JANE BENNETT, *et al.*,

Defendants.

_____

## **ORDER**

THIS MATTER IS BEFORE THIS COURT on a Motion to Dismiss the Plaintiffs' Complaint filed by Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine; the argument of counsel; and for good cause having been shown; it is hereby

ORDERED that Defendants' Motion to Dismiss the Plaintiffs' Complaint shall, and hereby is, GRANTED.

    SO ORDERED.

                                                                       _____
                                                                       RICARDO M. URBINA
DATE:                                                       United States District Judge

cc:    Kevin A. Kernan, Esquire
O'BRIEN, BUTLER, McCONIHE & SCHAEFER PLLC
Suite 1200, Brawner Building
888 Seventh Street, N.W.
Washington, D.C. 20006-3967
Tel.: (202) 298-6161
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine

Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593

Plaintiffs *pro se*