**F I L E D**
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

**APR 22 2005**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
Clerk

---

KAY SIEVERDING; DAVID SIEVERDING; ED SIEVERDING; TOM SIEVERDING,

    Plaintiffs-Appellants,

v.

COLORADO BAR ASSOCIATION, and their insurance company (true name unknown); CITY OF STEAMBOAT SPRINGS, CO, a municipality; AMERICAN BAR ASSOCIATION, and their insurance company (true name unknown); JANE BENNETT, private citizen acting in conspiracy with City policy makers; KEVIN BENNETT, individually and in capacity as City council member; KEN BRENNER, individually and in capacity as a City council member; DAVID BROUGHAM, individually and in capacity as apparent City insurance agent (for CIRSA); CIRSA, insurance for the City; INSURANCE AGENT, other than Brougham, and decision makers for CIRSA (true name unknown); KATHY CONNELL, individually and as employed as City council member; DAVIS, GRAHAM & STUBBS, LLC; JAMES ENGLEKEN, individually and in

Nos. 04-1108, 04-1143, 04-1152
(D.C. No. 02-N-1950 (OES))
(D. Colo.)

capacity as City council member; ART FIEBING, individually and as employed as City assistant chief of police; SANDY FIEBING, individually and as the City code enforcement officer; DANIEL FOOTE, individually and in capacity as assistant City attorney; JAMES GARRECHT, in capacity as district court judge (for injunctive relief only since he is immune from suit for damages); J. D. HAYS, individually and in capacity as City director of public safety; HALL & EVANS, LLC, and their insurance; JAMES "SANDY" HORNER, individually and as attorney working for Klauzer & Tremaine and his insurance company; PAUL HUGHES, individually and in capacity and City manager; KLAUZER & TREMAINE, a law firm, and insurance (true name unknown); RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company; CHARLES LANCE, individually and in capacity as former district attorney and his insurance; ANTHONY LETTUNICH, individually and in capacity as City attorney and his insurance; PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, (a.k.a. Rooney), individually and in capacity as City planning services director and her insurance; MELINDA SHERMAN, former assistant City attorney, individually, and in capacity, and

their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney and his insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance; STEAMBOAT PILOT & TODAY NEWSPAPER, (Worldwest Limited Liability Company), and insurance (true name unknown); ARIANTHE STETTNER, individually and in capacity as City council member; PAUL STRONG, individually and in capacity as City council member and his insurance company; RICHARD TREMAINE, individually and in capacity as an attorney and his insurance company; JAMES WEBER, individually and in capacity as City public works director and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as deputy district attorney and her insurance,

    Defendants-Appellees.

**ORDER AND JUDGMENT** [*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA, HENRY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiffs-appellants, formerly residents of Steamboat Springs, Colorado, appeal from the dismissal of their suit, which purported to state claims against numerous defendants who allegedly violated appellants' legal rights with regard to zoning decisions that affected appellants and their former neighbors. Although appellants filed three separate appeals, all of them challenge the same final judgment entered by the district court on March 19, 2004.

We have reviewed the voluminous district court record. In our view, the magistrate judge performed a Herculean feat in his sixty-one page recommendation filed on October 14, 2003. He made as much sense as possible of appellants' numerous complaints and amended complaints, and cogently explained: (1) why they had no valid claim and their suit should be dismissed with prejudice; (2) why they should be required to pay defendants' costs and fees since January 30, 2003; and (3) why they should be enjoined from commencing further litigation regarding these events without first obtaining counsel. The

-4-

district court reviewed the record de novo, and adopted the magistrate judge's recommendation in full.

Appellants' "arguments" on appeal are incomprehensible. Based on our review of the district court record, we AFFIRM, as we find no fault with the magistrate judge's analysis, as adopted by the district court. We observe that appellants did not assert error with the imposition of filing restrictions and, therefore, this court will enforce those restrictions.

Appellees' motion to consolidate the appeals is granted. Appellants' motion to file a substitute reply brief is denied. Appellants' other outstanding motions–including appellants' motion filed on April 13, 2005, asking this court to invite the Department of Justice to investigate the magistrate judge, the district court, and defense counsel–are denied as moot or as frivolous and meritless.

                                                Entered for the Court

                                                Terrence L. O'Brien
                                                Circuit Judge