IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID SIEVERDING, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>AMERICAN BAR ASSOCIATION, et al. )<br>)<br>*Defendants*. )<br>) | Case No. 1:05CV01672<br>(RMU) |

## THE AMERICAN BAR ASSOCIATION'S MOTION TO DISMISS THE COMPLAINT

Pursuant to the doctrine of res judicata, as well as Rules 8(a)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant American Bar Association ("ABA") respectfully moves to dismiss the above-captioned action as against the ABA. In support of this Motion, the ABA states:

1. This action is a companion to case number 1:05CV01283, both actions having been commenced by the same Plaintiffs. The complaint in 05CV01283 criticizes and seeks relief from, inter alia, the judgment of the United States District Court for the District of Colorado ("Colorado District Court") dismissing Plaintiffs' action in *Sieverding v. Colorado Bar Association*, No. Civ. A. 02-M-1950, and barring them from filing further actions that relate to any of the events in their complaint in that action unless represented by counsel. *See Sieverding v. Colorado Bar Association*, 2003 WL 22400218 (D. Col. Oct. 14, 2003), *aff'd* 126 Fed. Appx. 457 (10th Cir. 2005).

2. On September 7, 2005, the ABA moved this Court to dismiss the complaint as against the ABA in 05CV1283, with prejudice. A copy of the ABA's Memorandum of Points and Authorities in Support of its Motion to Dismiss ("05CV1283 Memorandum"), without its accompanying exhibits, is attached hereto as Exhibit 1 and incorporated herein by reference. The ABA will refer to the arguments in the 05CV1283 Memorandum rather than repeating them in this Motion. Among the reasons for dismissing the 05CV1283 complaint is that Plaintiffs are barred from challenging the Colorado District Court's judgment in *Sieverding v. Colorado Bar Association* under the doctrine of res judicata. 05CV1283 Mem. at 1–2, 7–10.

3. Plaintiffs' Complaint in this action is based on the same allegations and purported liability theories they asserted against the same defendants in the Colorado District Court action. Therefore, this action is barred by res judicata for the same reasons stated in the 05CV1283 Memorandum. Copies of the Complaint Plaintiffs filed in this action and in the Colorado District Court are attached, respectively, as Exhibits 2 and 3.

4. The allegations in Plaintiffs' Complaint here are **reallegations verbatim** of the allegations in the complaint they filed in the Colorado District Court action. *Compare* Complaint at 5–65 *with* Colorado District Court complaint. Plaintiffs' contention that the alleged facts in the Colorado District Court complaint were undisputed and the judgment in that case was not on the merits is, at best, disingenuous. Complaint at 6 (¶ 1), 66 (¶¶ 420, 422–423). It is crystal clear from Magistrate Judge Schlatter's opinion that none of Plaintiffs' facts were conceded by Defendants and that dismissal of Plaintiffs' complaint with prejudice was based on careful review of the merits. *See Sieverding*, 2003 WL 22400218, at *3–*6, *10–*28 (reviewing claims, motions to dismiss, motions for sanctions, and other challenges by defendants to the Plaintiffs' complaint).

5.  Likewise, to the extent the Complaint in this action can be construed to allege a claim against the ABA—which the ABA asserts it does not—the purported theory of liability against the ABA is the same as that alleged in the Colorado District Court action. Plaintiffs assert here in a conclusory manner under "Claim" that "the national and state private bar associations . . . were proximate causes to the original events and they recklessly risked plaintiffs' rights," and that "[i]n the 02-1950 action the defendants acted together to intentional interfere with the economic advantage to Sieverdings' of their lawsuit through illegitimate and illegal means . . . ." Complaint at 67. The purported claims against the ABA in the Colorado District Court action were centered around claims for deceit/fraud, recklessness, negligence, and damages under the civil rights statute for alleged "actions and omissions interfering with the Sieverding family's right and ability to sue the lawyer defendants with the assistance of an attorney..." Colorado District Court complaint at 31; *see also* 05CV1283 Mem. at 6, 8–9.

6.  In short, Plaintiffs' Complaint is an attempt to relitigate the exact same case that was already dismissed with prejudice by the Colorado District Court. As discussed in the ABA's 05CV1283 Memorandum, Plaintiffs fully participated in the Colorado District Court proceedings and lost each claim. The District Court had jurisdiction to hear the case and, as noted, it adopted the Magistrate Judge's recommendations to dismiss the action and enjoin Plaintiffs from further pro se filings related to their complaint. The District Court's judgment, in turn, was affirmed on appeal by the Tenth Circuit. Plaintiffs elected not to petition the Supreme Court for certiorari, thereby closing off any legitimate remaining routes for review. Therefore, as between Plaintiffs and the ABA, the matter is res judicata and Plaintiffs cannot use this Court as a surrogate appeals court to collaterally review the Colorado District Court's judgment. 05CV1283 Mem. at 7–10.

7. Assuming, arguendo, that this action is not barred by res judicata, the Complaint also should be dismissed pursuant to Fed R. Civ. P. 8(a)(2), Fed R. Civ. P. 12(b)(6), and Fed R. Civ. P. 12(b)(3). In brief, Plaintiffs' statement that "the national and state private bar associations . . . were proximate causes to the original events and they recklessly risked plaintiffs' rights," and that the ABA allegedly "interfer[ed] with the economic advantage to Sieverdings' of their lawsuit," Complaint at 67, is not "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The rambling and incoherent nature of the 67 pages of "fact" allegations and the "Claim" fail to state the nature and basis of any alleged claims against the ABA. 05CV1283 Mem. at 11.

8. Likewise, the Complaint fails to state a claim against the ABA upon which relief can be granted. In short, the ABA did not, and does not owe any duty to Plaintiffs whatsoever regarding their representation by attorneys or their failure to secure such representation. *See* 05CV1283 Mem. at 13–15. Therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because no relief could be granted to Plaintiffs under any set of facts that could be proved consistent with the allegations in the Complaint. 05CV1283 Mem. at 11–13, 15.

9. Finally, the action should be dismissed pursuant to Rule 12(b)(3) because the proper venue for this action under 28 U.S.C. § 1391(b) is the District of Colorado, not the District of Columbia. 05CV1283 Mem. at 15–16.

## CONCLUSION

For the foregoing reasons, the ABA's motion should be granted and the Court should enter an order dismissing the Plaintiffs' Complaint as against the ABA with prejudice.

Dated: Washington, D.C.
       September 19, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: /s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant
American Bar Association*

5

## CERTIFICATE OF SERVICE

     I hereby certify that on September 19, 2005 I electronically filed the foregoing ABA Motion to dismiss, accompanying exhibits, and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine.

     I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

David Sieverding
Kay Sieverding
Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

                                                     _____
                                                     Matthew Ahn

1