# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01283 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE AMERICAN BAR ASSOCIATION'S MOTION TO DISMISS

Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

Table of Contents

Page

INTRODUCTION ..................................................................................................................1

RELEVANT FACT BACKGROUND ...................................................................................3

I.     The Colorado State And Federal Court Actions ...............................................3

II.    The Complaint In This Action ............................................................................5

ARGUMENT ...........................................................................................................................7

I.     The Complaint Should Be Dismissed Against The ABA Under The Doctrine Of Res Judicata .........................................................................................................7

II.    Plaintiffs' Complaint As Against The ABA Is Barred Under The *Rooker-Feldman* Doctrine ...............................................................................................10

III.   Plaintiffs' Complaint Fails To Meet The Requirements Of Fed. R. Civ. P. 8(a)(2) ........11

IV.   Plaintiffs' Complaint As Against The ABA Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted ..........................................................11

V.    Venue Is Improper Under Fed. R. Civ. P. 12(B)(3) ..........................................15

CONCLUSION .....................................................................................................................16

## **INTRODUCTION**

Plaintiffs' action in this Court is the most recent iteration of an interminable series of court actions that they have filed based on a single set of alleged incidents beginning in 1991 concerning a property dispute between themselves and their neighbors, City (Steamboat Springs, Colorado), and County (Routt County, Colorado). Like the complaints filed in their other actions, the 85-page Complaint in this action ("Complaint") is prolix, rambling, and incoherent. It does not allege any claims whatsoever against the ABA. Rather, the general thrust of the Complaint criticizes and seeks relief from two previous judgments against Plaintiffs: the first is a Colorado state court judgment in *Bennett v. Sieverding*, 00cv008, enjoining Plaintiff Kay Sieverding from coming within 30 feet of her neighbor, Defendant Jane Bennett; the second is a judgment of the United States District Court for the District of Colorado ("Colorado District Court") dismissing Plaintiffs' action in *Sieverding v. Colorado Bar Association*, No. Civ. A. 02-M-1959, and barring them from filing further actions that relate to any of the events in their complaint unless they are represented by counsel. *See* 2003 WL 22400218 (D. Col. Oct. 14, 2003) (Magistrate Judge Schlatter's recommendation of dismissal and enjoining further pro se filings was adopted by the District Court on March 19, 2004), *aff'd* 126 Fed. Appx. 457 (10th Cir. 2005). Copies of these federal court decisions and orders are attached, respectively, as ABA Exhibits 1–3.

The Complaint should be dismissed as against the ABA because relief from the judgments is barred in this Court. Relief from the state court judgment is barred under the *Rooker-Feldman* doctrine, because the claim seeks appellate review by this Court of a Colorado state court judgment. Relief from the Colorado District Court judgment is barred by the doctrine of res judicata. Plaintiffs' criticism or challenge of the Magistrate Judge's recommendations was to the District Court—which they lost—and further challenge of the District Court's dismissal

and injunction was to the Tenth Circuit—which Plaintiffs also lost. Plaintiffs did not seek a petition for certiorari to the U.S. Supreme Court and therefore, the matter is now ended between Plaintiffs and the ABA. Plaintiffs cannot seek further review or relief from that judgment in this Court. Plaintiffs' asserted procedural hook in bringing this action—Rule 60(b)(3) of the Federal Rules of Civil Procedure—does not offer any basis for review of that judgment by this Court. *See* Complaint at 2, 26 (¶ 39).

In addition to the above grounds, the Complaint should be dismissed against the ABA because it violates Rule 8(a) of the Federal Rules of Civil Procedure: the Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" against the ABA. Fed. R. Civ. P. 8(a)(2). The Complaint further should be dismissed because it fails to state a claim against the ABA upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As noted, the Complaint does not allege any claims against the ABA, but is limited to challenging the two judgments. Finally, the Complaint should be dismissed for improper venue under Rule 12(b)(3). The proper venue for this action under 28 U.S.C. § 1391(b) is the District of Colorado, not the District of Columbia.

Finally, the ABA brings to the Court's attention that on Friday, September 2, 2005 the Colorado District Court held Plaintiff Kay Sieverding in civil contempt for violating that court's injunction against further pro se filings by Plaintiffs related to this matter and refusing to withdraw this and other actions filed after the Colorado District Court judgment was issued. Ms. Sieverding was remanded to the custody of the U.S. Marshal and remains incarcerated pending her voluntary dismissal of the remaining actions. *See* Courtroom Minutes of September 2, 2005 hearing, attached as ABA Exhibit 4.

2

**RELEVANT FACT BACKGROUND**

I.  **The Colorado State And Federal Court Actions**

The background to this case is amply discussed in Magistrate Judge Schlatter's October 14, 2003 opinion and recommendations and need not be repeated here at length. *Sieverding*, 2003 WL 22400218 at *1–6.

Briefly, Plaintiffs became embroiled in a property dispute with their next-door neighbors, complaining to city officials that the neighbors' construction activities allegedly violated the city zoning laws.  Tensions mounted between Plaintiffs and their neighbors and the neighbors obtained a restraining order prohibiting Plaintiff Kay Sieverding from coming within 30 feet of Defendant Jane Bennett. *Id.* at *1.  It is this restraining order that Plaintiffs identify as "The 00-cv-008 Bennett v. Sieverding injunction" on page 11 of the instant Complaint and which Plaintiffs challenge here. *See* Complaint at 2, 7–26 (¶¶ 1–38).  Ms. Sieverding complained to City and County officials about the construction and neighbors' lawsuits but concluded that no action would be taken against the neighbors because Defendant Bennett's husband was a city politician.  Subsequently, the deputy district attorneys for the county initiated prosecutions against Ms. Sieverding. *Sieverding*, 2003 WL 22400218 at *1.

Ms. Sieverding then brought several federal court actions, including in the Colorado District Court.  In that action, she sued, among others, the Bennetts, the City and County, City and County officials, attorneys representing the defendants, and the Colorado and American Bar Associations.  Plaintiffs' complaint ("Colorado Complaint") included claims under 42 U.S.C. § 1983 for civil conspiracy, fraud, libel, and various torts.  2003 WL 22400218 at *3–6.  The claims against the ABA essentially alleged that (i) the Sieverdings could not obtain counsel to represent them in the plethora of state and federal actions they filed or that were filed against them, (ii) the ABA owed Plaintiffs a duty to assist them in finding representation, and (iii) the

ABA discouraged attorneys from assisting litigants with actions against other attorneys, downplayed attorney misconduct, and pretended that tort actions against attorneys were impossible. *Id.* at *5, * 20.[1]

The Magistrate Judge assigned to the case recommended that these claims, and the Colorado Complaint as a whole, be dismissed with prejudice and that the Plaintiffs be enjoined from filing further actions related to the events in their complaint unless represented by counsel. *Id.* at *8, *34.  The court specifically held that the ABA did not "owe[] any legal duty whatsoever to plaintiffs" and the claims against the ABA were "downright absurd" and "foolish and frivolous." *Id.* at *18–19, *20. Magistrate Judge Schlatter's recommendations were adopted in full by the District Court and judgment was entered accordingly.  *See* District Court Order dated March 19, 2004, attached as ABA Exhibit 2.  The Tenth Circuit affirmed on appeal. 126 Fed. Appx. 457 (10th Cir. 2005).

---

[1] The Colorado Complaint, attached as ABA Exhibit 5, specifically alleged the following claims against the ABA:

> (a)   Claim of Deceit/Fraud on the ABA for claiming that the American attorney services industry is self regulating, down playing problems with attorney misconduct, and pretending that tort actions against attorneys for attorney fraud, abuse of process, defamation, and other intentional torts performed by an attorney in the course of business are somehow impossible;
>
> (b)   Claims of Reckless Negligence, Nonfeasance, Malfeasance and Misfeasance and Damages under [42 U.S.C. §§] 1981 and 1985(3) for Tortious Interference on the ABA for their actions and omissions interfering with the Sieverding family's right and ability to sue the lawyer defendants with the assistance of an attorney and for interfering with Sieverdings' right and ability to sue by their actions and omissions discouraging attorneys from assisting litigants with actions against attorneys for damages of the types experienced by the plaintiffs;
>
> (c)   Claims of Nonfeasance, Misfeasance, Reckless Negligence and Breach of Implied Duty for Good Faith Performance on the ABA for not implementing even inexpensive attorney misconduct surveillance and help tools for non-client attorney victims thereby creating a dangerous situation for the Sieverding family; and
>
> (d)   Claims of Nonfeasance, Reckless Negligence, Civil Conspiracy and Breach of Implied Duty for Good Faith Performance on the ABA for failure to establish standards to be used as a basis for civil action against attorneys who commit intentional or negligent torts in the course of business and its failure to establish model bar association management standards adequate to deter the CBA from the actions and omissions described herein.

*See* ABA Exhibit 5 at 31.

Plaintiffs disregarded the Colorado District Court's injunction and filed actions naming the ABA as a defendant concerning the events in their complaint in the United States District Court for the Northern District of Illinois and this Court.[2] The action in the Northern District of Illinois was dismissed sua sponte by the District Court on July 22, 2005. *See* Statement dismissing action, attached as ABA Exhibit 6. As noted, Plaintiff Kay Sieverding's refusal to withdraw the remaining actions led to her being held in civil contempt by the Colorado District Court during a hearing on September 2 and incarcerated until she voluntarily withdraws the remaining cases. Although Plaintiff David Sieverding promised at the end of the hearing to withdraw from the cases by September 9, he has informed counsel that he will not do so. ABA Exhibit 4, at 3; email from David Sieverding to counsel dated September 6, 2005, attached as ABA Exhibit 7.

## II.     The Complaint In This Action

Plaintiffs Complaint does not allege any claims against the ABA—or any other defendant for that matter. Even when construed with the relaxed pleading standard afforded to a pro se plaintiff, the Complaint limits itself to criticizing the judgment of the Colorado state court in *Bennett v. Sieverding*, Complaint at 2, 7-26 (¶¶ 1–38), and the judgment of the Colorado District Court in *Sieverding v. CBA*, Complaint at 2, 26–70 (¶¶ 39–137). The Complaint seeks relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure from the two judgments, as well as an injunction under Rule 65 of the Federal Rules of Civil Procedure from publishing the decisions and injunctions contained in the two judgments. Complaint at 76–77 (¶ 154). The Complaint then asks the "U.S. Judicial Council to clarify the rules" in a number of situations

---

[2] Plaintiffs also filed actions in which the ABA was not named as a defendant but that concerned the same events in the U.S. District Court for the Western District of Wisconsin, the U.S. District Court for the District of Minnesota, and in a Colorado state court.

allegedly faced by Plaintiffs, through a series of questions that suggest the rendering of advisory opinions. Complaint at 78–85 (¶ 155).

The almost whimsical nature of the Complaint as against the ABA is encapsulated in Plaintiffs' reasoning behind the addition of the ABA to their ever growing list of defendants: "[a]fter studying the Supreme Court database on-line for several months and considering the legal significance of the Rules of Professional Conduct, in August 2002, Sieverding had a flash of inspiration to add the American Bar Association and the Colorado Bar Association as co-defendants." Complaint at 4. The only thing that can be said about Plaintiffs "flash of inspiration" is that it further blinded them to the patently frivolous nature of their complaints.

The sparse allegations in the Complaint concerning the ABA occur during the course of criticizing the Colorado District Court judgment, where Plaintiffs make a series of comments and criticisms directed at the motions filed by the ABA in the Colorado action. The following are representative examples:

> (a) Plaintiffs state that the "ABA filed something they called a 'motion to dismiss with prejudice.' If plaintiffs had filed an inadequate complaint against the ABA, they could have potentially remedied it, if told how it was inadequate. In fact, Family filed very specific allegations tracing acts and omissions of the ABA to acts and omissions of various lawyers in Steamboat [Springs]". Complaint at 40 (¶ 74).

> (b) Plaintiffs "thought, and think, the ABA's motion to dismiss is completely ineffective legally…The U.S. government, President Clinton, Attorney General Mitchell, and the Catholic Church had to answer, why shouldn't the ABA?…It is not plaintiffs fault that the ABA filed such a stupid answer." Complaint at 41 (¶¶ 75–76).

> (c) "Plaintiffs were assertive in their motions for summary judgment that they expected an answer to their summary judgment motions in the 20-day period. So the ABA filed a so called 'letter motion in lieu of a formal motion' asking that the process be stayed until the case was dismissed…This violated the rules of civil procedure, the rules of professional conduct, litigation conduct standards…" Complaint at 42 (¶ 78).

6

Based on Plaintiffs utter failure to state any claims against the ABA in the Complaint, and because Plaintiffs failed to voluntarily withdraw their patently frivolous action before this Court as ordered by the Colorado District Court, the ABA is forced to file the present Motion.

## ARGUMENT

I.   **The Complaint Should Be Dismissed Against The ABA Under The Doctrine Of Res Judicata**

The Complaint in this case as against the ABA simply is a rambling criticism of the motions filed by the ABA in the Colorado District Court action. *See* Complaint at 40-43. As such, Plaintiffs' Complaint amounts to little more than a collateral attack on the judgment of the Colorado District Court. Plaintiffs fully participated in the Colorado District Court proceedings, had their day in Court, and lost with respect to their claims against the ABA and other defendants. The District Court had jurisdiction to hear the case and, as noted, it adopted the Magistrate Judge's recommendations to dismiss the action and enjoin Plaintiffs from further pro se filings related to their complaint. The District Court's judgment, in turn, was affirmed on appeal by the Tenth Circuit. Plaintiffs elected not to petition the Supreme Court for certiorari, thereby closing off any legitimate remaining routes for review.

Therefore, as between Plaintiffs and the parties to the Colorado District Court action, including the ABA, the matter is res judicata and Plaintiffs cannot use this Court as a surrogate appeals court to collaterally review the Colorado District Court's judgment—including the injunction against Plaintiffs filing further pro se actions. *See Columbia Plaza Corporation v. Security National Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided"); *Food Fair Stores v. Square Deal Market Company*, 187 F.2d 219, 220 (D.C. Cir. 1951) (finding injunction to prevent

adjudication of same cause of action in two different Federal courts proper); *Mikkilineni v. Penn Nat'l Mut. Ins. Co.*, 271 F. Supp. 2d 142, 149 (D.D.C. 2003) (banning Plaintiff from filing additional complaints without leave of the Court); Fed. R. Civ. P. 41(b) (permitting dismissal of an action for violation of a court order); *see also Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392-1393 (9th Cir. 1987) (discussing the impropriety of "collateral attacks on the judgments, orders, decrees or decisions of federal courts" because to allow such a course of action would "permit, in effect, a 'horizontal appeal' from one district court to another").

The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Dismissals for failure to state a claim are considered final judgments on the merits for purposes of res judicata. *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002). As between the ABA and Plaintiffs, the parties and issues are the same in the Colorado District Court action and this action.

Even if a claim of some kind against the ABA were made in the present Complaint through criticism of the ABA's motions in the Colorado action, it would be grounded in exactly the same alleged behavior that was raised or would have been raised, and dismissed with prejudice, in the earlier Colorado action, i.e., the ABA's alleged duty to Plaintiffs and its failure to allow attorneys to represent Plaintiffs. In addition, even if some new legal argument or theory can be discerned in Plaintiffs' Complaint, it must still be barred by res judicata because it would

8

be based exclusively on the same facts that underlie Plaintiffs' action in the Colorado District Court. *See Apotex, Inc. v. Fed. Drug Admin.*, 393 F.3d 210, 218-19 (D.C. Cir. 2004) (stating that legal arguments based on the same facts as a previously-adjudicated claim are barred by res judicata).

The Plaintiffs make it explicitly clear that the present Complaint stems from the same series of events described in their Colorado Complaint. The Colorado Complaint describes everything from the Plaintiffs' neighbors' building activities to the various uses of Plaintiffs' driveway by third parties, to their alleged prosecution and persecution by City and County officials, to the alleged duty and liability of the ABA in tort. *See* Colorado Complaint (ABA Exhibit 5) at ¶¶ 1–59, 77–203, 248–71, 383, 390, 418. In the present action, Plaintiffs admit that, as in the Colorado action, "[t]he original primary events happened within a space of blocks and included face-to-face interaction involving all four members of the Sieverding Family," and then go on to recite the same operative facts, including the Plaintiffs' neighbors' building activities and their alleged persecution by City and County officials. Complaint at 4–22. With respect to the ABA, the Plaintiffs criticize the ABA's motions in the Colorado action and nebulously suggest in a conclusory manner that the ABA has a duty to Plaintiffs regarding attorney misconduct. Complaint at 5, 28 (¶ 46), 30–31 (¶ 54). Clearly, Plaintiffs' action stems from the exact same facts and allegations against the ABA as the previously adjudicated claims in the Colorado District Court action.

Moreover, Rule 60(b)(3) does not provide a basis for bringing this Complaint in this Court. Complaint at 2, 26 (¶ 139), 76 (¶ 154). Rule 60(b)(3) may only be invoked on a motion, and the "motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." *Bankers Mortgage Co. v. United States*, 423 F.2d

9

73, 78 (5th Cir. 1970). Any such motion, therefore, must have been brought within the time period allowed in the Colorado District Court, not here.

II.     **Plaintiffs' Complaint As Against The ABA Is Barred Under The *Rooker-Feldman* Doctrine**

The ABA was not a party to the Colorado state court action Plaintiffs challenge. Nonetheless, to the extent the Complaint seeks relief from that judgment in this Court, such relief is barred under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court. *See Dist. Of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *Gray v. Poole,* 275 F.3d 1113 (D.C. Cir. 2002). Because 28 U.S.C. § 1257 requires that appeals from state courts go exclusively to the Supreme Court, the *Rooker-Feldman* doctrine ensures that the Supreme Court's appellate jurisdiction is exclusive. *See Stanton v. Dist. Of Columbia Court of Appeals,* 127 F.3d 72, 75 (D.C. Cir. 1997).

In the Complaint, Plaintiffs request "relief from low process civil judgment still restricting liberty issued through 00cv008 Bennett v. Sieverding in Routt County Court, Steamboat Springs, Colorado by County Judge James Garrecht." Complaint at 2. The *Rooker-Feldman* doctrine applies to decisions of lower state courts as well as to the highest one. *See Richardson v. Dist. Of Columbia Court of Appeals,* 83 F.3d 1513 (D.C. Cir. 1996) (citing *Port Auth. PBA v. Port Auth. of N.Y. & N.J.,* 973 F.2d 169, 177 (3rd Cir. 1992). Plaintiffs' request that this Court review the state court judgment falls squarely in the ambit of the *Rooker-Feldman* line of cases. Thus, the Complaint should be dismissed as an improper attempt to use this Court to act in an appellate capacity over the lower Colorado state court.

10

### III.  Plaintiffs' Complaint Fails To Meet The Requirements Of Fed. R. Civ. P. 8(a)(2)

Rule 8(a)(2) requires that a complaint include "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Court of Appeals for this Circuit has stated that the purpose of this rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Atchinson v. District of Columbia*, 73 F.3d 418, 421 (D.C. Cir. 1996) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs fail to state *any* claims against the ABA. Their 85-page Complaint is anything but simple and concise, and is thoroughly lacking in clarity and intelligibility. The rambling nature of this pleading includes everything from statements about legal developments in Indonesia and Bulgaria, to Plaintiffs' rights under the Magna Carta and skiing conditions in Steamboat Springs, Colorado. *See, e.g.*, Complaint at 4, 10 (¶¶ 7–8), 17 (¶ 20–21), 59 (¶ 116). Where no claims have been made and the ABA is consequently left uninformed of any claims against it, Plaintiffs have failed to satisfy the requirements of Rule 8(a)(2) and dismissal is warranted because "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *see also Brooks-Miller v. England*, 357 F. Supp. 2d 197, 202 (D.D.C. 2004) (dismissing complaint with prejudice partly under Rule 8(a) because the "plaintiff's apparent confusion with regard to the factual or legal basis for her…claim undoubtedly leaves the [defendant] unable to determine the theory upon which the plaintiff seeks relief, and unable to mount an appropriate defense").

### IV.  Plaintiffs' Complaint As Against The ABA Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

Assuming, arguendo, that Plaintiffs' Complaint against the ABA is not barred by res judicata and is not subject to dismissal under Fed. R. Civ. P. 8(a)(2), the Complaint should still

be dismissed with prejudice for failure to state a claim against the ABA upon which relief can be granted. As discussed above, there simply are no claims against the ABA in the Complaint.

Although Plaintiffs' allegations are assumed to be true for the purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Certainly, the ABA recognizes that "pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers." *Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998). However, even claims that are brought pro se may be deemed frivolous if wholly unsupported by law or facts. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981); *Deutsch v. U.S. Dep't of Justice*, 881 F. Supp. 49 (D.D.C. 1995).

In *Deutsch*, for example, the court found that the plaintiff's in forma pauperis action was frivolous because his RICO and Sherman Act claims were "wholly unsupported by any argument or facts to support such claims…. Accordingly, because the assertion of RICO and the Sherman Act is entirely without merit, any and all claims thereunder will be dismissed as 'frivolous' within the meaning of § 1915." *Id.*, at 54.

Moreover, this Court also has employed "injunctive remedies when needed to protect the integrity of the courts and the orderly and expeditious administration of justice." *Mikkilineni v. Penn Nat'l Mut. Ins. Co.*, 271 F. Supp. 2d 142 (D.D.C. 2003) (citing *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). In *Mikkilineni*, the pro se plaintiff's behavior bore more than a passing resemblance to the Plaintiffs' in the present case:

> Having reviewed many of the plaintiff's cases and numerous orders sanctioning the plaintiff and dismissing his actions, the court determines that the plaintiff re-files complaints and motions—regardless of laws and court orders prohibiting such behavior, even when the orders threaten

>   fines or imprisonment—whenever he is not satisfied with court orders, thereby harassing the defendants and abusing the judicial system….Similarly, the court finds that the plaintiff has demonstrated complete and blatant disregard for court orders…The court also finds that not only do the plaintiff's attempts to circumvent court orders and sanctions show contempt for the justice system, but they also harass the defendants by forcing the defendants to spend resources litigating previously-resolved claims.

*Id.*, at 148–49. The court in *Mikkilineni* then barred the plaintiff from filing additional complaints without leave of the court. *Id.*

Under these standards, the Complaint must be dismissed because no claim can be construed as against the ABA that might be supported consistent with the Plaintiffs' allegations.

Plaintiffs have not claimed that the ABA has done anything other than respond to Plaintiffs' complaint in the Colorado action in a manner that displeased the Plaintiffs, nor can they establish any legal duty owed to them by the ABA. While some portions of the Complaint that mention the ABA discuss in a nebulous and conclusory manner the Plaintiffs' belief that "bars" owe them and the public some sort of "duty to care" based on the beliefs of "various legal scholars," Complaint at 5, 28 (¶ 47), none of these allegations establishes a duty of care owed by the ABA to Plaintiffs. As the Colorado court held, the ABA did not owe "any legal duty whatsoever to plaintiffs," and "Plaintiffs' claims that they were owed duties by the lawyers, law firms or the Bar Associations are beyond frivolous. Their claims are downright absurd." *Sieverding*, 2003 WL 22400218 at *19, *20.

Indeed, Plaintiffs' statement that "[a]ll the bars have to do to limit their liability is to apply for a license and offer public….[m]ost states already license state bars," *id.* at 30-31, shows that the Plaintiffs have mistakenly conflated the various state bars with the ABA in believing that the ABA is somehow empowered to set enforceable standards for attorney conduct. Contrary to Plaintiffs' allegations, only the highest court of a state has the power to

13

promulgate standards, regulate attorney conduct, and adjudicate attorney discipline matters concerning attorneys who are licensed to practice in any given state. Concerning the allegations in Plaintiffs' Complaint, that state would be Colorado. *See e.g., Colorado Supreme Court Grievance Committee et al. v. District Court, City and County of Denver, Colorado, et al.*, 850 P.2d 150, 152 (Colo. 1993) (*en banc*) (holding that Colorado Supreme Court has exclusive jurisdiction over attorneys and authority to regulate, govern and supervise the practice of law in Colorado: "Pursuant to its inherent power to establish attorney disciplinary rules, the Colorado Supreme Court promulgated the Code of Professional Responsibility"); *On Petition to Amend Rule I of the Rules Governing the Bar*, 431 A.2d 521 (D.C. 1981) (the D.C. Court of Appeals makes the rules respecting the examination, qualification, admission, governance, and disciplining of attorneys in the District of Columbia); *Lewis v. District of Columbia Com. on Licensure to Practice the Healing Art*, 385 A.2d 1148, 1153 n.12 (D.C. 1978) ("it was the fact of adoption and promulgation by the appropriate court which made the Code [of Professional Responsibility promulgated by the ABA] binding authority on the legal profession rather than the fact of its promulgation by the American Bar Association").

The ABA, in contrast, is a private voluntary national professional association. *See, e.g., Public Citizen v. United States Department of Justice, et al.*, 491 U.S. 440, 443 (1989). The ABA has no legal authority to impose or enforce standards of conduct on individual attorneys in any state or jurisdiction, or on the legal community generally. Although the ABA has promulgated its Model Rules of Professional Conduct as a guide for the legal profession, the ABA has no legal authority to mandate the adoption, use or enforcement of these or any other rules; rather, it is only the relevant state's highest appellate court that may adopt and enforce such rules. Accordingly, and even assuming, arguendo, that the ABA had engaged in the acts and

omissions that Plaintiffs assert in their Complaint—which the ABA denies—Plaintiffs cannot establish a legal duty that might flow from the ABA to the Plaintiffs based on those alleged ABA acts or omissions.

Thus, even were Plaintiffs to assert claims, they would be frivolous because there are no claims that might be supported consistent with Plaintiffs' allegations. *See Deutsch*, 881 F. Supp. at 52-53; *Anders v. California*, 386 U.S. 738, 744 (1967) (stating that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits"). Likewise, the analysis in *Mikkilineni,* which directs a court to "look to both the number and content of the filings to determine whether they are frivolous or harassing," supports the ABA's contention that the present claims are patently frivolous and that the Colorado District Court's injunction against further pro se filings should be respected. *Mikkilineni,* 271 F. Supp. 2d at 148. The Colorado docket alone contains over 590 entries, and the present Complaint weighs in at 85 pages with little to no structure or logical consistency. Given the prolific nature of Plaintiffs' writing and a prior decision on the merits holding "that none of the lawyer defendants or the Bar Associations owed any legal duty whatsoever to plaintiffs, and that all of plaintiffs' claims in this regard were foolish and frivolous," 2003 WL 22400218, at *20, the Plaintiffs' Complaint falls squarely within the parameters of a frivolous and harassing filing as defined by this Court.

V.     **Venue Is Improper Under Fed. R. Civ. P. 12(B)(3)**

Plaintiffs allege that jurisdiction is based on 42 U.S.C. § 1983. Complaint at 3. Accordingly, the applicable venue statute is 28 U.S.C. § 1391(b). That statue provides:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

15

28 U.S.C. § 1391(b).

Most of the defendants in this action reside in Colorado, and the remaining parties reside in Minnesota, Kansas, and Illinois. Therefore, subsection (1) of § 1391(b) is eliminated as a basis for venue in the District of Columbia because not all of the defendants reside in the District. Subsection (2) likewise is inapplicable as a basis for venue in the District of Columbia, because all of the events discussed in the Complaint occurred in Colorado. Finally, subsection (3) is inapplicable as a basis for venue in the District of Columbia, given the action could otherwise be brought in the District of Colorado under § 1391(b)(2). Thus, venue does not properly lie in this District, and the action should be dismissed. *See Willhite v. Mainsource Bank*, 2005 WL 1539267 (D.D.C. 2005) (dismissing a complaint under 28 U.S.C. § 1391(b) because the proper venue for the litigation in question was the state in which the defendant was headquartered and in which "all of the events giving rise to [plaintiff's] claims occurred.")

## CONCLUSION

For the foregoing reasons, the ABA's motion should be granted and the Court should enter an order dismissing the Plaintiffs' Complaint as against the ABA with prejudice.

Dated: Washington, D.C.
September 7, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: /s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*