IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

KAY SIEVERDING, *et al.,*

Plaintiffs,

    v.

KEVIN BENNETT, *et al.*,

Defendants.

_____

Case No.  1:05CV01672
(RMU)

### DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

    Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, Hall and Evans LLP, J.D. Hays, James "Sandy" Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer, and The World Company, (collectively herein, "Defendants"), through their undersigned attorneys O'Brien, Butler, McConihe & Schaefer, LLP, respectfully submit this Reply in Support of their Motion to Dismiss the Plaintiffs' Complaint, and state as follows:

    The Plaintiffs' Consolidated Objection and Motion for Summary Judgment, which the Plaintiffs represent as their Opposition to the Defendants' Motion to Dismiss, is mostly incomprehensible, but the Defendants are able to decipher one argument to which they feel compelled to respond.  The Plaintiffs contend that the District of Columbia courts may exercise jurisdiction over the Plaintiffs' Complaint because

"misleading and defamatory articles about the events in 1999 to 2000 are broadcast into Washington DC via the internet…" The Plaintiffs' argument is lacking in merit and their Complaint should be dismissed.

Even if the Plaintiffs' allegations regarding the transmission of news articles over the internet are accurate, such contacts with the District of Columbia do not provide an adequate ground for this Court to exercise jurisdiction over the Defendants. In the District of Columbia, a claim of jurisdiction on the basis of website activity is evaluated on whether the plaintiff had alleged "continuous and systematic" contacts with the District. Gorman v. Ameritrade Holding Corp., 352 U.S. App. D.C. 229, 293 F.3d 506 (2002). Initially, a court must determine whether the non-resident defendant's website is more "passive," that is, for example, merely informational in nature, or more "active," whereby the defendant actually transacts business of a systematic and continuous nature with customers in the District of Columbia through the website. Id. Even if the website is interactive, the question remains whether District of Columbia residents "can" transact business in the District with the non-resident defendant through the defendant's website, but if they actually "do" engage in sustained business activities in a continuous and systematic way. Id. at 512-13. (*See also* GTE New Media Servs. Inc. v. BellSouth Corp., 339 U.S. App. D.C. 332, 199 F.3d 1343 (D.C. Cir. 2000)(discussing mere access by forum residents to a non-residents defendant's website is not enough, by itself, to establish minimum contacts with the forum, otherwise personal jurisdiction could always be found in any forum of the country).

The Plaintiffs' allegations that the Defendants publish articles on the internet that are available to residents of the District of Columbia are insufficient to support

2

jurisdiction in this court.  The Plaintiffs' do not, and cannot, allege that any of the Defendants' promote a website that targets District of Columbia residents or that any of the Defendants transact business of a continuous or systematic nature with customers in the District of Columbia.  The Plaintiffs' allegations that the Defendants merely made information available to citizens of the District of Columbia via the internet is not enough, by itself, to establish the minimum contacts required with the District of Columbia to support jurisdiction in this forum.  Accordingly, the Plaintiffs' Complaint must be dismissed.

WHEREFORE, Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, Hall and Evans LLP, J.D. Hays, James "Sandy" Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer, and The World Company respectfully request this Court dismiss the Plaintiffs' Complaint with prejudice and grant such additional relief it deems appropriate under the circumstances.

Respectfully submitted,

_____
Kevin A. Kernan, Esquire
Bar No. 457194
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
888 Seventh Street, N.W., Suite 1200
Washington, D.C.  20006-3967
Tel.: (202) 298-6161
kkernan@obmslaw.com

        Attorney for Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, Hall and Evans LLP, J.D. Hays, James "Sandy" Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer, and The World Company

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the forgoing DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT, and its proposed Order was mailed, first class postage prepaid, on this 7th day of October 2005 to Kay Sieverding, Ed Sieverding, and Tom Sieverding at 641 Basswood Avenue, Verona, Wisconsin 53593.

        _____
        Kevin Kernan

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

KAY SIEVERDING, *et al.,*

Plaintiffs,

    v.                                                               Case No.  1:05CV01672
                                                                                           (RMU)

KEVIN BENNETT, *et al.*,

Defendants.

_____

**<u>ORDER</u>**

      THIS MATTER IS BEFORE THIS COURT on a Motion to Dismiss the Plaintiffs' Complaint filed by Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, Hall and Evans LLP, J.D. Hays, James "Sandy" Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer, and The World Company; the argument of counsel; and for good cause having been shown; it is hereby

      ORDERED that Defendants' Motion to Dismiss the Plaintiffs' Complaint shall, and hereby is, GRANTED.

      SO ORDERED.

                                                                                        _____

DATE:                                                                    RICARDO M. URBINA
                                                                     United States District Judge

cc:     Kevin A. Kernan, Esquire
        O'BRIEN, BUTLER, McCONIHE & SCHAEFER PLLC
        Suite 1200, Brawner Building
        888 Seventh Street, N.W.
        Washington, D.C.  20006-3967
        Tel.: (202) 298-6161
        kkernan@obmslaw.com

        Attorney for Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, Hall and Evans LLP, J.D. Hays, James "Sandy" Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer, and The World Company.

        Kay Sieverding
        Ed Sieverding
        Tom Sieverding
        641 Basswood Avenue
        Verona, Wisconsin 53593

        Plaintiffs *pro se*