IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01672 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE AMERICAN BAR ASSOCIATION'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS'
CONSOLIDATED OBJECTION AND MOTION FOR SUMMARY JUDGMENT**

Defendant American Bar Association ("ABA"), through its undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss the Complaint ("Motion to Dismiss") and in opposition to Plaintiffs' Consolidated Objection and Motion for Summary Judgment, as against the ABA.

As the Court is aware, Plaintiffs are subject to a judgment of the Colorado District Court enjoining them from commencing any further litigation based on the underlying dispute in that court unless represented by counsel. The ABA requests that this Court accord comity to the Colorado District Court's judgment in that action ("Colorado Action") and dismiss this and the related action (1:05CV 01283) as against the ABA forthwith for the reasons stated in the ABA's respective Motions to Dismiss this and the related action.

The ABA further contends that, as against it, Plaintiffs' arguments in their Consolidated Objection and Motion for Summary Judgment ("Consolidated Objection") are, at best,

disingenuous misconstructions of the proceedings in the Colorado Action. Nevertheless, for the purposes of this Reply, the ABA will not respond to the misconstructions as against the ABA, nor will it comment on Plaintiffs' attacks on the integrity of the judges and personnel of the Colorado state and federal courts and the court of the Northern District of Illinois and, it appears, everyone who has come in contact with these cases, except to state that these assertions are illustrative of the types of allegations that led the Colorado District Court to enjoin Plaintiffs from any further filings unless represented by counsel. Further, they demonstrate Plaintiffs' desire to use this Court as a surrogate appeals court to collaterally review the judgment entered in the Colorado Action.

Accordingly, the ABA repeats herein its assertion that both this case and 05CV01283 are barred by the doctrine of res judicata, the arguments for which were presented for this case in the ABA's Motion to Dismiss the Complaint at ¶¶ 2-4, and for 05CV01283 in the ABA's Memorandum of Points and Authorities in Support of its Motion to Dismiss ("05CV1283 Memorandum") at 1-2 and 7-10, and in its Reply in support of that motion at 2-3.

In their Consolidated Objection, Plaintiffs also request summary judgment, asserting that the facts in the Colorado Action "are now undisputable." Consolidated Objection at 3. Contrary to Plaintiffs' contentions, it is clear from Magistrate Judge Schlatter's opinion that Plaintiffs' allegations as to the ABA in the Colorado Action were never "undisputed." Rather, for the purposes of determining, *inter alia,* the ABA's motion to dismiss Plaintiffs' complaint, Magistrate Judge Schlatter "presume[d] that the plaintiff's factual allegations [were] true, and construe[d] them in a light most favorable to the plaintiff." *Sieverding v. Colorado Bar Assoc.,* 2003 WL 22400218, *15 (D. Col. Oct. 14, 2003). Nonetheless, Magistrate Judge Schlatter held that the various versions of Plaintiffs' complaints "generally, if not always, fail[ed] to provide

any linkage between facts and claims," and that "Plaintiffs' claims that they were owed duties by…the Bar Associations are beyond frivolous. Their claims are downright absurd." *Id.* at *16-19.

Accordingly, as to the ABA, Magistrate Judge Schlatter dismissed Plaintiffs' complaint as a matter of law for failure to state a claim upon which relief can be granted. *Id.* at *34. Dismissals for failure to state a claim are considered final judgments on the merits for purposes of res judicata. *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002).

A party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law. *Kaempe v. Myers*, 367 F.3d 958, 966 (D.C.Cir. 2004). Even assuming that all of Plaintiffs' allegations as to the ABA are true -- which the ABA denies – it is clear from Magistrate Judge Schlatter's opinion that, as to the ABA, "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Therefore, summary judgment in Plaintiffs' favor based on the facts they alleged in the Colorado Action as against the ABA would not be proper as a matter of law and, consequently, Plaintiffs' Motion for Summary Judgment as to the ABA must be denied as a matter of law. *Kaempe v. Myers*, 367 F.3d at 966.

## CONCLUSION

For the foregoing reasons, the ABA's Motion to Dismiss the Complaint should be granted, Plaintiffs' motion for summary judgment should be denied, and the Court should enter an order forthwith dismissing Plaintiffs' Complaint as against the ABA with prejudice.

Dated: Washington, D.C.  
       October 12, 2005

Respectfully submitted,

**WHITE & CASE**  
LIMITED LIABILITY PARTNERSHIP

By: _/s/ Frank P._____  
Carolyn B. Lamm (D.C. Bar No. 221325)  
Frank Panopoulos (D.C. Bar No. 459365)  
**WHITE & CASE** LLP  
701 13th St., N.W.  
Washington, D.C. 20005  
(202) 626-3600

*Attorneys for Defendant*  
*American Bar Association*

## CERTIFICATE OF SERVICE

     I hereby certify that on October 12, 2005 I electronically filed the foregoing ABA Reply in Support of its Motion to Dismiss and Opposition to Plaintiffs' Consolidated Objection and Motion for Summary Judgment and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine.

     I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

                                                      */s/ Matthew Ahn*
                                                      Matthew Ahn