IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID SIEVERDING, et al., )
)
        *Plaintiffs,* )    Case No.:05-CV-01672
)     (RMU)
v. )
)
AMERICAN BAR ASSOCIATION, et al., )
)
        *Defendants.* )
)

## MOTION FOR ADMISSION OF FACTS 1-423 AND
## MOTION TO VERIFY ALL PLEADINGS

In their motion to dismiss, the ABA was the only defendant to suggest that there was any possibility of disputed facts, however, the ABA did not dispute any particular fact.

Facts 1, 420, 421, 422, and 423 are paraphrases of the facts in 05-CV-1283. None of the respondents to that action, including the ABA, disputed any of the facts in 05-CV-1283.

Facts 2 to 419 were presented in 02-CV-1950 and none of the defendants objected. Plaintiffs submitted two motions in 02-CV-1950 to verify the pleadings but the defendants refused to verify theirs.

After the 02-CV-1950 defendants submitted their motions to dismiss, plaintiffs submitted verified objections. In those, plaintiffs quoted the facts and labeled them as "undisputed". The defendants still did not dispute them. Plaintiffs then submitted a series of verified motions for summary judgment or partial summary judgment. These

quoted all the facts as undisputed and supplied additional detail. None of the defendants disputed any of those facts.

In the 10th Circuit, plaintiffs asked to have the facts recognized as true, both the facts from the effective pleadings and the facts from their motions and objections. Those motions were also verified under penalty of perjury. None of the defendants came back and objected that any particular fact was untrue.

Plaintiffs then submitted an action (04-cv-04317 District of Minnesota) against Faegre and Benson and The World Company for $3 million for publication of the articles between April 1, 2004 and May 5, 2005. The complaint in that case repeated a large portion of the 02-CV-1950 facts. That was also verified. Neither Faegre and Benson nor The World Company disputed the facts. Instead, a Faegre and Benson employee, John P. Borger, wrote to Judge Tunheim and requested a private conference call. He had a letter delivered to the court requesting dismissal on the basis that plaintiff was not a lawyer.

Plaintiffs also filed an insurance action 04-CV-00002 District of Minnesota against CIRSA. That action included many of the 02-CV-1950 facts listed as undisputed and again verified. Again CIRSA did not dispute them but requested dismissal on the grounds that plaintiff was not an attorney.

Plaintiffs had few telephone calls with the defense counsel and more email – in none did defendants dispute the facts. When plaintiffs suggested an in-court or out-of-court conference, the defendants refused to confer.

The judge to whom Mr. Borger had sent the package with the letter requesting a private conversation (Hon. Tunheim – District of Minnesota) then dismissed their complaint. Plaintiffs then applied to the 8th Circuit. There Mr. Borger called the ex parte

solicitation "mundane" and submitted a successful motion that the Court of Appeals should dismiss without notice, briefing or oral hearing. Plaintiffs then submitted a petition for rehearing. Faegre's response was to ask Judge Nottingham to imprison plaintiffs unless or until they withdraw from that case.

Plaintiffs also had filed earlier versions of their pleadings which they did not serve and withdrew. They were draft complaints. The defendants have all of them and did not point out any contradictions.

Plaintiffs also submitted a series of motion in 02-CV-1950 stating that defendant "X" had no particular objection to their liability on a joint and several basis to the $15 million plus interest at 12% from April 1, 2004. None of the defendants came back either informally or on the record stating what their objection consisted of.

Defendants repeatedly pled general objection saying things like "our clients don't need to pay to educate you" "frivolous". In their motions to dismiss, they did not refer to any valid defenses.

As discussed in 05-CV-01283, their entire defense in all courts ahs been based on meanness, fraud, and influencing the judges. In 05-CV-01283, defense counsel Beall admitted to calling the court and requesting that the case be dismissed. In 05-CV-0677 (District of Northern Illinois), Beall reported ex parte contact with the District of Northern Illinois in a filing made in the District of Colorado. In Minnesota, Beall's colleague John Borger wrote to Judge Tunheim and asked him to call, Judge Tunheim did not protest or deny calling.. In 02-CV-1950, there are about 30 separate document pieces of evidence of possible ex parte contact.

3

In every case, since 02-CV-1950, defendants defense has been that Sieverding wasn't a lawyer.

Plaintiffs had two oral conferences with the defendants. Both were illegitimate in that there had not been a reply first. At the first one on January 30, 2003, Dave Brougham was there representing the city and county defendants, Mr. Tremaine was there representing himself, his law firm, his partners and Jane Bennett. The President of the Colorado Bar Association was there. The basic facts as to the events in Steamboat were discussed and not denied.

The second hearing was in November 2004 and involved Faegre's motion to dismiss plaintiffs' defamation claim on the basis that the plaintiffs were pro se. At that hearing the defamatory articles were discussed. The Faegre lawyers did not argue that the statements repeated in the articles were true.

In every proceeding since October 2003, defendants have submitted Magistrate Schlatter's Report and Recommendation as fact. However, it cannot be accepted as fact because:

It conflicts with the verified pleadings;

Plaintiffs objected at the time that it was not fact;

The Report refers to letters not in the record;

The Report conflicts with Supreme Court rulings, other legal authorities and the law;

The Report conflicts with the document package. For instance, the article in which the prosecutor said that Jane Bennett was Kay Sieverding's victim was after the criminal charges were dismissed and, therefore, not privileged;

4

Magistrate Schlatter had arranged the oral conference with Mr. Brougham before he entered an appearance;

There is document evidence of about 30 instances of possible ex parte contact with Magistrate Schlatter. These include about 27 entries on Mr. Brougham's bill, Mr. Lettunich's bill discussing Mr. Brougham's phone call about his conversation with the magistrate's clerk, the two letters from the defense that were not in the record and the discussion of the planned injunction which appeared on the Magistrate's Report with no intervening motion. This was followed by two defense letters to Judge Nottingham requesting calls (from Oliphant and Patricia Larson);

Neither the presiding judge (Nottingham) nor the 10th Circuit referenced the facts in the complaint, as is required;

In September 2005, plaintiffs filed a motion in 02-cv-1950 asking for the judge to explain why plaintiffs' claims on these defendants were frivolous (docket number 598), but the judge issued an order denying this motion (docket number 605).

"As a general rule … an opinion delivered by a court in announcing its decision is not required as competent evidence for the purpose of proving any matter of fact" *American Jurisprudence 2nd § 976.*

"Pleadings filed in an action are frequently admitted in evidence in a subsequent action" *American Jurisprudence 2nd 976.*

I hereby verify under penalty of perjury that to the best of my knowledge all the facts in this motion are true and the legal citations and theories are correct.

Dated this 10th day of October 2005.

_Kay Sieverding_
Kay Sieverding

_Ed Sieverding_
Ed Sieverding

_Tom Sieverding_
Tom Sieverding

6