SIEVERDING et al.                    05-CV-01672
      V.                                       RMU
AmericAN BAR Association et al.

---

Motion for ~~judicial~~ defendant notice that the ColorADo Attorney Regulation Counsel Director John Gleason sent plaintiff a letter last week which says his office <u>will</u> investigate criminal conduct by ColorADo lawyers.

    Plaintiffs motion for summary judgment included as an attachment a letter from the office of the ColorADo Attorney Regulation Counsel saying that the office <u>will not</u> investigate criminal conduct by ColorADo lawyers. That letter was written a month ago by MATT SAmuelson, who reports to John GleAson.

    As shown by the attached, plaintiffs have written back to Mr. GleAson asking him to investigate criminal obstruction of justice that is related to both the 05-CV-01283 and the 05-CV-01672 complaints.

Service by ECF

Kay Sieverding   10-15-05
Clear Creek Jail
POB 518
Georgetown CO 80444

# COLORADO SUPREME COURT
## ATTORNEY REGULATION COUNSEL

Regulation Counsel
John S. Gleason

Chief Deputy Regulation Counsel
Nancy L. Cohen

Deputy Regulation Counsel
James C. Coyle



ATTACHMENT I

Attorneys' Fund for Client Protection
Unauthorized Practice of Law

Assistant Regulation Counsel

Stephen R. Fatzinger
Lisa E. Frankel
Luain T. Hensel
Kim E. Ikeler
Cynthia D. Mares
Charles E. Mortimer, Jr.
Matthew A. Samuelson
April M. Seekamp
Louise Culberson-Smith
James S. Sudler
Douglas S. Timmerman

October 11, 2005

Kay Sieverding
Clear Creek County Jail
P.O. Box 518
Georgetown, Colorado 80444

Re: Request for Investigation of Christopher P. Beall, Esq., 05-02839

Dear Ms. Sieverding:

Thank you for your recent letter. In response to your statement about a woman that told you that her father is a lawyer and a cocaine dealer, my suggestion is that you notify the appropriate criminal justice agency. Additionally, if you have specific information, including the identity of the woman that conveyed the information to you, this office will certainly investigate the allegation of a Colorado lawyer engaged in criminal conduct.

Very truly yours,

John S. Gleason
Regulation Counsel

JSG/jlb

1560 Broadway, Suite 1800 • Denver, Colorado 80202 • (303) 866-6400 • Toll free (877) 888-1370 • Website • www.coloradosupremecourt.com

# Attachment II

FILE →

Clear Creek Jail
PO B 508
Georgetown Co 80444
10-15-05

John Gleason
Regulation Counsel Colorado Supreme Court
1560 Broadway Suite 1800
Denver Co 80202

Dear Mr. Gleason

I have been rereading your letter of 10/11/05 saying your "office will certainly investigate the allegation of a Colorado lawyer engaged in criminal conduct." I will forward the name of the Colorado lawyer who was accused by his daughter of selling cocaine to ~~lawyers~~ ks lawyers and judges and bribing judges if you tell

(1)

me you will not interfere with a law authority investigation ⓚ ~~injunction~~. Maybe you could just ask the Colorado Bureau of Investigation to contact me and I will tell them all the details the daughter told me in our 4 conversations. Other inmates were present also.

Since you have offered to investigate criminal conduct by lawyers I would like you to investigate Anthony Lettunich for obstruction of justice.

As ~~discussed~~ in our federal Lawsuit 02-cv-1950 former deputy district attorney P. Elizabeth Wittemyer held open criminal charges against me for six months and then gave a press

②

conference saying that JANE BENNETT was my victim and that probable cause ~~was~~ existed. However she refused to tell me or my lawyer (STEAMBOAT'S William HIBBARD) what the probable cause was. There is a letter from her saying that she would not provide the information and one from Routt County Judge GARRECHT saying he doesn't have it. The police report does not identify a crime. There was no warrant. JANE Bennett, wife of a convicted cocaine dealer, signed the summons and complaint as arresting officer.

the police reported to her husband, City Council President Kevin Bennett, and my theory was that he blackmailed (former ast. chief) ART Fiebing. In any case, since I am in jail (on the charge of filing a lawsuit without a lawyer), I will ask my husband to send copies of the letters from Wittemyer and Judge GARRECHT, the police report, and the summons + complaint to you under separate cover.

In our civil complaint, Dave Brougham, at Hall + Evans, defended Wittemyer and he pled government immunity and refused to Reply. Mr. Brougham submitted verified bills from both himself and city

(4)

attorney Anthony Lettunich (02-cv-1950 D 465) Brougham's bill on 6/24/03 "Telephone call from Dave Brougham advising me that the clerk for MAGISTRATE Schlatter advised that no Reply would be necessary". Lettunich saw Brougham's 6/23/03 bill "Confer with VAN PELT Regarding Reply Issues. Telephone call to Court regarding need for same".

I wrote to the Routt County District attorney's office multiple times asking for the probable cause so I could defend my reputation. Not only were the criminal charges held open, but for five years the criminal charges have been

(5)

publicized by the Steamboat Pilot. Even after we sold our house to Bennett's lawyer and moved to Wisconsin, they were seen by people on the Internet. We were advised we would never be able to sell stock, get a job, or publish because of them. The 02-cv-1950 defendants refused to answer our injunctions even when filed as motions. Wittemyer and St. James were defended by Brougham. Brougham billed on 7/16/03 to 7/18/03 (to Lloyds of London) " Review correspondence regarding district attorney information and

(6)

proposed motion for summary judgment. telephone call to (district attorney) St. JAmes regarding same -- threatened motion for summary judgment"

Lettunich's bill 4/23/03 says "Confer with St. JAmes regarding recent contacts by plaintiff, refusal of phone calls etc." 4/30/03 "Review ~~KS~~ letter to new district attorney; confer with St. James regarding same, not responding etc." 6/23/03 "Review Plaintiffs' motion regarding probable cause and district attorney; telephone call to St. JAmes regarding same." (02-cv-1950 Docket 469).

Attorney client privilege did not allow them to deny to me a statement of probable cause for the charges against me. Therefore Lettunich committed the crime of obstruction of justice. P.S. He told JAmes Engleken he thought he could be disbarred. Engleken told

Kay Sieverding

→ a hidden tape recorder
→ me while I carried

7