IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01672 |
| ) | (RMU) |
| ) | |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**THE AMERICAN BAR ASSOCIATION'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMISSION OF FACTS 1-423 AND
MOTION TO VERIFY ALL PLEADINGS**

Defendant American Bar Association ("ABA"), through its undersigned counsel, respectfully submits this Opposition to Plaintiffs' Motion for Admission of Facts 1-423 and Motion to Verify all Pleadings ("Motion").

In their Motion, Plaintiffs assert that the facts in the companion case (1:05CV01283) are undisputed. They also assert that the facts in the original District of Colorado case, 02CV1950 ("Colorado Action"), were undisputed. *See* Motion at 1-2. In support of their contentions, Plaintiffs repeatedly refer to events covered by the 02CV1950 decision in *Sieverding v. Colorado Bar Assoc.*,[1] and attempt to criticize that court's decision. *See* Motion at 2-5. However, both arguments are without merit. Likewise, Plaintiffs' reference to events encompassed in the Colorado Action only reinforces the ABA's argument, as set out in the ABA's Motion to

---

[1] 2003 WL 22400218, *15 (D. Col. Oct. 14, 2003) (Magistrate Judge Schlatter's recommendation of dismissal and enjoining further pro se filings was adopted by the District Court on March 19, 2004), *aff'd* 126 Fed. Appx. 457 (10th Cir. 2005).

Dismiss the Complaint (docket number 8) and other filings, that Plaintiffs' Complaint should be dismissed as to the ABA because it is barred by the doctrine of res judicata.

Contrary to Plaintiffs' contention, the allegations in case no. 05CV01283 have never been "undisputed." Rather, there are three pending motions to dismiss filed by 05CV01283 Defendants. "In ruling on a motion to dismiss a complaint, the district court must draw all reasonable inferences in favor of the plaintiff, and must not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Mountain States Legal Found. v. Bush*, 306 F.3d 1132, 1134 (D.C. Cir. 2002) (citations omitted). This standard, however, does not include a concession by any defendant that the allegations of the complaint, or any one of them, are "undisputed." *See Alexis v. Dist. of Columbia*, 77 F.Supp.2d 35, 46 (D.D.C. 1999) (granting motion to dismiss and noting the distinction between facts that are "undisputed" and those that are "assumed in the plaintiffs' favor").

Also contrary to Plaintiffs' contentions, it is clear from Magistrate Judge Schlatter's opinion in the Colorado Action that Plaintiffs' allegations as to the ABA were never "undisputed." Rather, for the purposes of determining, *inter alia,* the ABA's motion to dismiss Plaintiffs' complaint, Magistrate Judge Schlatter "presume[d] that the plaintiff's factual allegations [were] true, and construe[d] them in a light most favorable to the plaintiff." *Sieverding,* 2003 WL 22400218, *15. This presumption, however, did not transform Plaintiffs' allegations into "undisputed" fact. Even under this presumption, nonetheless, Magistrate Judge Schlatter held that the various versions of Plaintiffs' complaints "generally, if not always, fail[ed] to provide any linkage between facts and claims," and that "Plaintiffs' claims that they

were owed duties by…the Bar Associations are beyond frivolous. Their claims are downright absurd." *Id.* at *16-19.

Accordingly, as to the ABA, Magistrate Judge Schlatter dismissed Plaintiffs' complaint as a matter of law for failure to state a claim upon which relief can be granted. *Id.* at *34. Dismissals for failure to state a claim are considered final judgments on the merits for purposes of res judicata. *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002).

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Admission of Facts 1-423 and Motion to Verify all Pleadings should be denied and Plaintiffs' Complaint should be dismissed.

Dated: Washington, D.C.
       October 24, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2005 I electronically filed the foregoing ABA Opposition to Plaintiffs' Motion for Admission of Facts 1-423 and Motion to Verify all Pleadings, and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kevin Aloysius Kernan, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
kkernan@obmslaw.com

Attorney for Defendants Jane Bennett, David Brougham, Hall and Evans LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine.


I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

_____
Matthew Ahn