## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID SIEVERDING, et al.,        )
                                   )
           *Plaintiffs,*     )     Case No.:05-CV-01672
                                   )     (RMU)
          v.                  )
                                   )
AMERICAN BAR ASSOCIATION, et al., )
                                   )
          *Defendants.*    )

## PLAINTIFFS' RESPONSE TO THE ABA'S REPLY TO
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

"Summary judgment will be rendered if the pleadings, depositions and admissions on file, together with any affidavits submitted, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"Material facts are only those that can make a difference in the result of the case."

"Upon the filing of the movant's affidavits in support of the motion, the burden shifts to the opponent to present, by affidavit, facts contrary to those presented by the moving party or to show how he intends to support contrary allegations in his pleadings."

"Mere formal denials of general allegations not showing facts in general and with precision are insufficient to forestall summary judgment."

"When a motion for summary judgment is made and supported by affidavits and documents, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or otherwise, must set forth specific facts showing there is genuine issue for trial. A failure to so respond allows the court to accept as true, the statements in the movant's affidavit and may result in summary judgment being entered against the opposing party if the court deems it appropriate."…

"A failure to file counter affidavits or to indicate possible sources of evidence not available to a party at the time he responds to a motion for summary judgment… may also result in the court accepting as resolved any questions of material fact to which the affidavit in support of the motion for summary judgment pertains."

"A party against whom a motion for summary judgment is filed cannot forestall the granting of the motion by merely asserting in his brief that the disputes the summary

judgment movant's assertions and by asking the court to remand the case to the trial judge for the taking of proof on the issue in question, or by filing counter affidavits which merely deny the truth of the facts as set forth in the affidavit supporting summary judgment and demanding the right to cross-examine"...

"Merely suggesting that a trial on the merits might develop facts leading to the conclusions contrary to the movant's assertions does not raise "genuine issues of fact" or indicate the existence of a substantial controversy." *American Jurisprudence 2nd Vol 32B § 2583.*

Under these standards, the ABA has presented no affidavits to suggest that there is an issue to be tried. Therefore, summary judgment in the sum certain amount of $15 million plus 12% per annum simple interest accruing from 03/01/04 must be entered.

Colorado Magistrate Schlatter is not a legal authority. The basis of law and facts in 05-cv-01672 is not identical to that of 02-cv-1950, so there is no res judicata and Judge Nottingham's order limiting pro se litigation based on the same series of events is irrelevant.

As discussed in District of Columbia case 05-cv-01283, docket item 43, page 3, " '1391 was amended in 1990 ... there may be several districts that qualify as a nexis of such substantial activities ... if the selected district contacts are substantial it should make no difference that others are more so... long arm jurisdiction ... the new language was first substantial ... events occurred ... in instances in which an act or acts were required by the engagement of the parties ... a failure to perform them in that district can qualify that district as a proper venue' *District Courts Venue 28 § 1391 pg. 910."*

"The 05-CV-01672 Complaint Facts 2 – 74 describe such acts and omissions as a proximate cause of the later events. Then, the ABA and the defendants do not deny that O'Brien, Butler and the ABA directed the 02-CV-1950 misconduct... The 02-CV-1950 defendants acted together as a group to cause suspension of the normal course of litigation in 02-CV-1950. Thus, 1391 (b) (2) can apply to this action."

"Furthermore, whatever section of 1391 one wishes to apply the DC Court cannot mandate that the District of Colorado is the proper venue because the Sieverdings moved to Wisconsin in July 2001 and the DC Court knows that the described acts causing their damages happened after they moved."

" 'A cause of action is a form of property. A plaintiff may bring an action under RICO for interference with another lawsuit." (Proper RICO standing is adequately pled

where plaintiffs have established expense delay and inconvenience.)' Federal Procedure Lawyers Edition Published by West Law 10:158"

" 'A complaint which alleges that the fraudulent scheme was undertaken... by individual defendants... participated in fraudulent acts as a group, describes in detail the responsible and fraudulent acts of each individual defendant... pleads predicate acts (under Rule 9) with sufficient particularity.' Federal Procedure Lawyers Edition Published by West Law 10:222"

Continuing on page 5, "All of the 02-CV-1950 litigation was interstate except for one 90-minute meeting in January 2003 that was held in Denver. Ninety percent of the filings were written in Wisconsin and the ABA, who led and legitimized the litigation's conduct, does not have an office in Colorado. Remand to Colorado is not allowed under the Principles of Equity because not only did Judge Nottingham and Magistrate Schlatter behave improperly, but the 02-CV-1950 case was transferred to Judge Nottingham in violation of normal procedure. Judge Matsch is designated to hear all District of Colorado 1983 complaints. Cases are never supposed to be transferred midway unless the first judge dies or is too sick to adjudicate..."

Continuing on page 34, " 'As a general thing, it is well settled that a holder on an interest in real xx property who fails to disclose his interest pertaining thereon... or a proceeding involving it is pending, may be estopped to impugn the validity... of the proceedings.' *American Jurisprudence Second 28 Section 102.*"

"Because the rules of evidence were violated, Magistrate Schlatter's misstatements of the evidence must be disregarded. The defendants caused and ratified the illegal litigation conduct and have unclean hands."

" 'Waiver or estoppel results if the grantor itself causes or joins in the breech of a condition or prevents performance of the thing required... if he consents to the act of the breech or to things done in contemplation of the breech and in direct relation thereto' *American Jurisprudence Second 28 Section 167.*"

" 'He who has committed inequity shall not have equity.' *American Jurisprudence Second 28 Section 1.*"

" 'A suit in equity may be sustained in favor of a who will be the plaintiff in a prospective action in law, in order to enjoin the defendant in such prospective action from setting up a threatened defense upon the ground that the prospective defendant is equitably estopped from setting up such defense where the remedy at law of the plaintiff will not be plain, adequate and neat.' *American Jurisprudence Second 28 Section 134 referencing United States Supreme Court Davis v Wakellee and Sprigg v Bank of Mount Pleasant.*"

"Almost three years have lapsed since the defendants should have contested the evidence if they had wanted to. During that time defendants have broadcast fraudulent

statements to the prospective witnesses. Sieverding cannot be expected to dispute defenses' new objections to evidence at this time. That would be inequitable."

" 'Estoppel may arise either from objection to the introduction of evidence or from failure to object… A litigant may not complain of the admission of testimony over his objection where like testimony had previously been admitted without objection.' *American Jurisprudence Second 28 Section 75.*"

"In every litigation with plaintiffs, the defense has induced the judges to illegally rely exclusively on the magistrate [Schlatter]'s fraudulent Report and Recommendation, knowing that the Supreme Court cannot make a judgment based only on that."

Verification: The plaintiffs hereby declare under penalty of perjury that to the best of

their knowledge and belief everything included in this document, and all other documents

filed with the Court, is true and correct.

Kay Sieverding

Ed Sieverding

Tom Sieverding

Service by ECF