IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV01672 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' MOTION FOR A STAY OR ENLARGEMENT OF TIME IN WHICH TO RESPOND TO PLAINTIFFS' PENDING AND FUTURE MOTIONS**

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendants the American Bar Association, Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Colorado, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, J.D. Hays, Hall and Evans LLP, James Sandy Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendie Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Steamboat Pilot & Today, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, and P. Elizabeth Wittemeyer, through their undersigned counsel, respectfully move this Court for a stay or enlargement of time until 14 days after the date that this Court issues its ruling on the Defendants' pending motions to dismiss the complaint, within which to respond to any motions or submissions Plaintiffs may file after the present motion is decided. Essentially, the Defendants are requesting that they not be required to

respond to any of Plaintiffs' subsequent motions or submissions until the Court decides the Defendants' pending motions to dismiss. Cause to grant this motion exists as discussed below.

The above Defendants have filed motions to dismiss. Accordingly, for the reasons stated in these motions to dismiss, the Defendants reiterate their stance that Plaintiffs' Complaint should be dismissed as a matter of law for failure to state a claim upon which relief may be granted.

Plaintiffs have already filed a large number of motions in this case and, it appears, they will continue to do so in this case and the companion case (case no. 1:05CV01283). The Defendants seek to conserve both their own and the Court's resources by postponing responses to Plaintiffs' motions. The Defendants believe that once the motions to dismiss have been decided in this action, all subsequent motions will be rendered moot. Moreover, the Defendants' request is in line with precedent in this and other districts concerning enlargements of time and stays of activity while dispositive motions are pending. *See Air Transport Assoc. of America v. Hernandez*, No. CIV.A.3096-66, 1967 WL 97, *6 (D.D.C. May 23, 1967) (unreported) (considering, then granting motion for enlargement of time pending determination of motion to dismiss); *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 915 F. Supp. 378, 384 (N.D.Ga. 1995) (granting an extension of time to file an answer and noting that "[i]n light of the pending motion to dismiss, such an enlargement is appropriate"); *Davis v. Suran*, No. CIV.A.98-C-0656, 1998 WL 474105, *1 (N.D.Ill. Aug. 3, 1998) (unreported) (noting that the court had earlier granted defendants an extension of time to respond to a motion for class certification until after the court had ruled on pending motions to dismiss); *Metro Riverboat Assoc., Inc. v. Bally's Louisiana, Inc.*, No. CIV.A.99-2660, 2000 WL 351707, *2 (E.D.La. Apr. 5, 2000) (unreported) (noting an earlier granting of an "extension of time

within which to file responsive pleadings, pending resolution of the defendants' Motion to Dismiss" because the motions could "dispose of the entire action"); *Rank v. Jenkins*, No. CIV.A.2:04-0997, 2005 WL 1009625, *3 (S.D.W.Va. Apr. 28, 2005) (unreported) (granting defendants' motion to stay all proceedings in the action other than briefing with respect to the motion to dismiss, pending resolution of the motion to dismiss).

Indeed, courts have enjoined plaintiffs from future filings in similar circumstances. *See, e.g., Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 142 (D.D.C. 2003) (Urbina, J.). There, the court stated:

> Having reviewed many of the plaintiff's cases and numerous orders sanctioning the plaintiff and dismissing his actions, the court determines that the plaintiff re-files complaints and motions - regardless of laws and court orders prohibiting such behavior, even when the orders threaten fines or imprisonment - whenever he is not satisfied with court orders, thereby harassing the defendants and abusing the judicial system. Consequently, an order barring the plaintiff from filing additional complaints without leave from the court is necessary to protect the integrity of the courts and to stop the plaintiff from harassing the defendants.

*Id.*, at 148.

Accordingly, because of the duplicative and prolific nature of Plaintiffs' motions and the existence of pending dispositive motions which would render all subsequent motions moot, the Defendants move this Court to stay this action or grant an enlargement of time in which to respond to Plaintiffs' motions and other submissions until after the Court has ruled on the pending motions to dismiss.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for a Stay or Enlargement of Time in which to Respond to Plaintiffs' Motions should be granted.

Dated: Washington, D.C.
       October 28, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE LLP**
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant
American Bar Association*

By: _____
Jerome C. Schaefer (D.C. Bar No. 224931)
O'BRIEN, BUTLER, McCONIHE &
SCHAEFER, PLLC
888 17th Street, NW
Washington, DC 20006-3939

*Attorney for Defendants
Jane Bennett, Kevin Bennett, Ken Brenner
David Brougham, City of Steamboat Springs
Colorado, Kathy Connell, James Engleken
Art Fiebing, Sandy Fiebing, Daniel Foote
J.D. Hays, Hall and Evans LLP
James Sandy Horner, Paul Hughes
Klauzer & Tremaine, LLC, Randall Klauzer
Charles Lance, Anthony Lettunich
Paul R. McLimans, Wendie Schulenburg
Melinda Sherman, Kerry St. James
Suzanne Schlicht, Steamboat Pilot & Today
Arianthe Stettner, Paul Strong
Richard Tremaine, James Weber
P. Elizabeth Wittemeyer*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2005 I electronically filed the foregoing Defendants' Motion for a Stay or Enlargement of Time in which to Respond to Plaintiffs' Motions and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Colorado, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, J.D. Hays, Hall and Evans LLP, James Sandy Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendie Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Steamboat Pilot & Today, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, and P. Elizabeth Wittemeyer.

      I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Ed Sieverding
Tom Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

                                            */s/ Matthew Ahn*
                                            Matthew Ahn