United States Court District of Columbia

Kay Sieverding                                                                      05-cv-01672

v.                                                                                              RMU

American Bar Association, Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, Colorado Bar Association, City of Steamboat Springs, CO, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, J.D. Hays, Hall and Evans LLP, James Sandy Horner, Paul Hughges, Klazer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendie Schulenburg, Melinda Sherman, Kerry St. James, James B.F. Oliphant, Suzanne Schlicht, Steamboat Pilot & Today, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, P. Elizabeth Wittemeyer

---

Kay Sieverdings' amended Motion to Dismiss Without Prejudice under Duress of Jail

Sieverding was summoned to a hearing with Colorado Judge Edward Nottingham and defense counsel for the above on 2/14/06. The American Bar Association did not appear.

At the hearing, she was told that the Court was not satisfied with her previous motion to dismiss 05-cv-01672 without prejudice under duress of jail. The Court directed her to file a separate motion for this case. She was told by Judge Nottingham that if it does not appear on the docket of 05-cv-01672 by next week she will be returned to jail. She was told that if separate motions to dismiss appear from her in the 4 related cases she will allowed to stay out of jail and that a planned contempt of court hearing for 2/27/06 will be cancelled. Sieverding suggested that the defense counsel or the court draft a document for her to sign, if that is the only way that she can stay out of jail, but they declined to do so. They directed no other changes to the motion. The only reason that plaintiff is filing this motion is to stay out of jail. She is trying to get back her constitutional right to represent herself in court. She still has not been accused of fraud,

1

perjury, or misquoting laws and knows of no legitimate reason why she is being denied her rights under U.S.C. Title 28 section 1654.

Verification: All of the above are true to the best of plaintiffs' knowledge under penalty of perjury.

Kay Sieverding, 02/16/06

*Kay S———,*  Under Duress of JAIL

641 Basswood Ave., Verona, WI 53593, 608 848 5721

2