United States Court District of Columbia

Kay Sieverding                                           05-cv-01283/

                                                         05-cv-01672

                                                         05-cv-02122

v.                                                       RMU

American Bar Association et al.

---

Motion for affidavits or law supporting an injunction against pro se litigation by Kay Sieverding.

Kay Sieverding was jailed for 4+ months for filing 05-cv-02122 and related cases 05-cv-01283 and 05-cv-01672 and a defamation action.

In 02-cv-1950 the defendants and the court never used the word "injunction". They did not file a counter claim. They did not mention Rule 65. There was no notice of injunction applied for, no bond for injunction as required under Rule 65(c.), no hearing about an injunction, no affidavits, no reference to a legal right, and nothing matching the form of Rule 65(d.). What Sieverding read about contempt of court said that the defendants have the duty of proving that a valid injunction exists but she was not allowed an evidentiary hearing about whether there is a valid injunction. In 02-cv-1950, there was no summary judgment, no trial by jury, no defense affidavits. Her interrogatories were not answered, her motions for summary judgment were "struck" or boycotted, and her motions to admit facts were denied by the court as "frivolous". The defense counsel did not verify their pleadings, even when Sieverding motioned for verification, nor were they ever sworn to tell the truth.

Sieverding is under the impression that something that is legal cannot be legally enjoined. She has not been accused of violating any U.S. law.

1

In 02-cv-1950, Sieverding turned in a motion asking for evidence of misconduct on her part but that was denied as moot. She turned in two motions for partial summary judgment to the effect that her 02-cv-1950 complaint was adequately written and not too long. In fact, she read recently that a U.S. judge, Judge McBride of Texas, filed a 56 page complaint on his own behalf. In any case, neither the defense nor the court responded to her motions for summary judgment that her 02-cv-1950 complaint was adequately written.

Thus, Sieverding would like to have on the public record any evidence or law supporting the defense claim that she should not be allowed to litigate on her own behalf and that she should be jailed if she attempts to do so.

The attached transcript shows that when she was sent to jail in 9/2/05 after oral request of the 02-cv-1950 defense counsel, there was no finding of present duty or ability to perform, no law of the U.S. was cited, the defense did not produce a document labeled injunction, she was not allowed to cross examine her accusers, her accusers were not sworn, she was not allowed to subpoena, there was no independent judge, there was no independent prosecutor, and she was told she did not have rights to a lawyer, a jury trial, or an evidentiary hearing. Thus she has had no opportunity to review or contest any evidence explaining why the defense can do what they want to her without her being able to pursue redress in an independent court, why she can't have an evidentiary hearing on the judgments from 02-cv-1950, where she had no hearing or formal reply, why she is defamed on the Internet as being "sue-happy" or filing "frivolous lawsuits", why the World Company claims they can publish what they want about her and she can't stop them, and whether there was any basis in law for jailing her. This has seriously affected her well being and she thinks she has a right to know and contest any evidence against her. The Magna

2

Charta says that no person can be dispossessed except by the law of the land. The Human Rights Initiative says that no injunction can issue without a law. U.S.C. Title 18 section 241 says that any conspiracy to deny to any citizen the rights of the U.S. is criminal. American Jurisprudence says that Title 18 section 241 was intended to extend broad protections to Americans. Pro se litigation and filing tort and relief from judgment actions are specifically authorized by U.S. laws and plaintiff does not understand why if she exercises rights under those laws a federal judge can imprison her and order her to cease and desist. She doesn't understand why her husband was accused of "aiding and abetting" because he copied Moore's Federal Practice chapter on 11th Amendment applications at her request and sent it to her in jail.

Plaintiff doesn't understand why the Colorado Attorney General's office ratified jailing her for attempting to obtain injunctive relief against the State of Colorado on the basis that a state employed judge issued an order restraining her liberty and damaging her reputation without meeting the description of conditions required by Colorado Rules of County Procedure Rule 365. That law says that a civil order that a person must stay 30 feet away from another person can only be issued if there is a beating or sexual assault. Sieverding was told to stay 30 feet away from her former neighbor because she had told her neighbor that just because her husband was president of the city council didn't give her the right to break the law. Sieverding had no physical or sexual contact with her neighbor at any point and did not threaten her with any sort of violence. This order is published on the Internet even today and plaintiff believes that the order and its publication damages her reputation, her ability to work in the field she studied at MIT (city planning) and her ability to go to her husband's high school reunion without fear of jail or embarrassment. As discussed in 02-cv-1950, 05-cv-01283, 05-cv-01672, and D of Kansas 05-

3

cv-2510, Sieverdings were forced to sell their house and move from their home because her neighbor then followed her around town repeatedly asking for her to be jailed because she had gone shopping, waited for a red light, faxed a legal notice to the city council, or gardened.  The judge who issued the order, Colorado Judge Garrecht, said that Sieverding would never be able to hire a lawyer to pursue her constitutional issues. That apparently is true.  However, the Supreme Court case, Ex parte Young, cases it quotes, other Supreme Court cases and Moore's Federal practice say that there is a federal remedy when a state official acts unconstitutionally to remove federal rights, such as liberty and the presumption of innocence.

Colorado Judge Garrecht said

""'before the court can issue the restraining order, the Court needs to find that the defendant has attacked, beaten, molested, or threatened the life of the plaintiff or threatened to do serious bodily injury to the plaintiff, and that unless restrained and enjoined will continue to attack, beat, molest, or threaten the life of the plaintiff or threaten to do serious bodily harm to the plaintiff…obviously, Ms. Bennett has not been attacked, beaten, and her life hasn't been threatened." (Transcript CO Routt County 002180 Sept./6/00 page 161).

Sieverding also did not have sex with Jane Bennett, in fact, they had no physical contact nor did they have phone sex.  Sieverding has been in a sexually monogamous relationship with her husband for almost 25 years.

This case does not involve the freedom and reputation of just one woman.  It sets a precedent that other people can be jailed or denied the right to go to court for redress of their grievances.  In fact, Sieverding recently saw on the Internet an ABA section advising that the most effective way to defend against pro se litigants is to file repeated motions claiming that their writings cannot be understood and then getting an injunction prohibiting them from further action in court unless they hire an ABA or state bar union member. Such a twisted policy risks the freedom of the natural citizens who are using Internet research to facilitate their actions for

4

remedy in federal and state court without the expense, prohibitive for 90 % of the population, of hiring a bar union member. Such a twisted policy will make the courts the domain of the rich and of corporations and deny effective court access to the descendents of those who died for their liberty and rights to equal protection of the laws. If citizens can be denied a jury trial and even a mechanism to admit facts, denied a published decision, fined for their attempts to admit facts, and then jailed for trying to fix the first lawsuit by filing another, then access to courts is an illusion, a booby trap.

By improperly asserting 11th amendment immunity against Sieverdings' action for injunctive relief against Colorado Judge Garrecht, the Colorado Attorney General obstructed Sieverdings' attempt to admit facts to related cases and violated the rules of professional conduct in doing so by not stipulating to the facts of the laws, which a state attorney general's office knew. The Colorado Attorney Regulation Counsel did so similarly when it claimed that Jane Bennett's lawyer had a right as an advocate to assist Jane Bennett in improperly restricting Sieverdings' liberty and damaging her reputation. Thus, plaintiff believes that 05-cv-02122 may be prosecuted under U.S.C. 42 section 1983 as well as common law imprisonment.

Plaintiff doesn't understand why Judge Nottingham says that her attempt to obtain injunctive relief against Judge Garrecht is frivolous and why she should be jailed for attempting to do so without a lawyer. Also, how could 05-cv-02122 action for unlawful imprisonment starting in Sept 2005 possibly be enjoined under Judge Nottingham's order in March 2004 that Sieverding cannot litigate on her own behalf based on the same series of events as 02-cv-1950? That facts in that case, repeated as a subset of 05-cv-01672 do not even mention unlawful imprisonment nor do they concern anything that happened after the case was dismissed, as

plaintiff lacks the ability to reliably predict the future. Thus Sieverding does not know any legal basis for removing any of her constitutional rights. The 02-cv-1950 defense counsel including the ABA's in house assistant counsel Patricia Larsen, and their counsel, White and Case and O'Brien Butler never did cite a legal or factual basis for removing Sieverdings' constitutional rights. Before Sieverding is sent back to jail, forced to live permanently with a public label of criminal, crazy, and professionally incompetent, denied her right to access the court, forced into a complex legal proceeding to repossess her constitutional rights to access the court, and forced to defend against imposition of $80,000 in fines, she thinks she has a right to know what the evidence is against her and under what law she is charged.

Kay Sieverding, 02/16/06

641 Basswood Ave., Verona, WI 53593, 608 848 5721

Attachment A Transcript of Judge Nottingham jailing plaintiff for filing in federal court without a lawyer