IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

KAY SIEVERDING, *et al.*,

Plaintiffs,

v.

Case No. 1:05CV01672
Judge Ricardo M. Urbina

AMERICAN BAR ASSOCATION, *et al.*,

Defendants.

---

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-01672 *SUA SPONTE*

Defendants Jane Bennett, David Brougham, Hall and Evans, LLP, Klauzer & Tremaine, LLC, Randall Klauzer, The World Company, and Richard Tremaine, (collectively herein, "Defendants"), through their undersigned attorneys O'Brien, Butler, McConihe & Schaefer, PLLC, respectfully move this Court for an Order denying the Plaintiffs' Motion for Reconsideration ("Plaintiffs Motion for Reconsideration") (docket entry #40) of this Court's Memorandum Order ("Memorandum Order") (docket entry # 39) dismissing the Plaintiffs' Complaint *sua sponte*, and state as follows:

### ARGUMENT

On July 20, 2006, this Court issued a Memorandum Order dismissing the Plaintiffs Complaint *sua sponte*. As more fully explained by this Court in the Memorandum Order Dismissing the Complaints *Sua Sponte* ("Memorandum Opinion"), this Court properly dismissed Civil Action 05-01672 based on the doctrine of *res judicata*

1

since the claims therein should have been raised in Civil Action 05-01283.[1] The doctrine of res judicata is intended to "conserve judicial resources, avoid inconsistent results, engender judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F..2d 1281, 1288 (D.C. Cir. 1981). Further, "[i]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte…. This result is fully consistent with the policies underlying res judicata… [and] is based on the avoidance of unnecessary judicial waste." Arizona v. California, 530 U.S. 392, 395 (2000) (*quoting* United States v. Sioux Nation, 448 U.S. 371, 432, 65 L.Ed.2d 844, 100 S. Ct. 2716 (1980)).

The Plaintiff's Motion for Reconsideration of the Memorandum Order asserts a an assortment of arguments and legal theories, all of which are identical to the arguments and theories presented by the plaintiffs in their Motion for Reconsideration of the Court's Order dismissing Civil Action 05-01283[2]. This Court issued a final judgment in Civil Action 05-01283 after consideration of dismissal motions submitted by all defendants[3] to that action on the basis of a failure to state a claim, res judicata and lack of personal jurisdiction. "A final judgment in one action bars any further claim based on the same nucleus of facts, *for it is facts surrounding the transaction… which operate to*

---

[1] On July 18, 2005, Plaintiffs filed Civil Action 05-01283, which named as defendants many of the same defendants as in the present Complaint and was based upon the same operative facts as the present Complaint. This Court dismissed Civil Action 05-01283 as against the Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile LLC, The World Company and White and Steele PC (collectively "Personal Jurisdiction Defendants") upon determining a lack of personal jurisdiction.
[2] Plaintiffs' Motion for Reconsideration re Order on Motion to Dismiss filed in the instant action and in Civil Action 05-01283 are verbatim.
[3] A Motion to Dismiss Plaintiffs Complaint was entered by Routt County Court on September 7, 2005 (docket entry #16); a Motion to Dismiss Plaintiffs Complaint was entered by White & Steel, Hall and Evans LLC, The World Company, Jane Bennett, Faegre & Benson LLP and McConnell Siderious on September 7, 2005 (docket entry #17; and a Motion to Dismiss the Complaint was entered into by American Bar Association on September 8, 2005 (docket entry #27).

*constitute the cause of action*, not the legal theory upon which a litigant relies [emphasis added]." Sherwin v. Department of the Air Force, 955 F. Supp. 140, 143 (D.D.C. 1997).

Plaintiffs Complaints in Civil Actions 05-01283 and 05-01672 "charge, pursuant to different legal theories, that officers of the Routt County or of the District Court of Colorado aggrieved the plaintiffs and this Court expressly inquired as to why the plaintiffs failed to bring all their claims in one action and instead filed multiple lawsuits based on the same set of events." Mem. Op. at 5. The plaintiffs do not state why they did not bring these claims in the earlier action before this court and the plaintiffs offer no response to this Courts inquiry on the issue of res judicata. The only assertion made by the Plaintiffs is that: "The overlap of facts and claims between this action the 02-cv-1950 action does not cause claims preclusion or issue preclusion." Pls.' Mot. for Reconsideration at 8.

It is not clear, which, findings of fact or conclusion of law the Plaintiffs seek to address in Plaintiffs Motion for Reconsideration, since Plaintiffs Motion does not address this Court's decision to dismiss the case sua sponte as barred on the grounds of res judicata. Nevertheless, Plaintiffs fail to demonstrate that reconsideration is warranted and since the plaintiff's complaint was properly subject to dismissal pursuant to Defendants' Motion To Dismiss Plaintiffs' Complaint[4] (docket entry #7), the Plaintiff's Motion for Reconsideration should be denied.

---

[4] On September 16, 2005 defendants filed Motion to Dismiss the Plaintiffs Complaint based on the following: (1) the Plaintiffs failed to provide sufficient facts upon which this Court could establish personal jurisdiction in the district of Columbia; (2) the Plaintiffs are subject to a filing bar entered by Judge Edward Nottingham of the U.S. District Court for the District of Colorado (*aff'd* by 10th Cir); and (3) the Plaintiffs failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), requiring Plaintiffs to provide a statement of a claim showing that they are entitled to relief.

## CONCLUSION

For the foregoing reasons stated above, Plaintiff's Motion for Reconsideration of this Court's July 20, 2006 Order Dismissing Plaintiff's Complaint 05-01672 *Sua Sponte* should be denied.

Date: August 10, 2006

Respectfully submitted,

O'Brien, Butler, McConihe & Schaefer

*[signature]*

Jerome C. Schaefer
D.C. Bar No. 224931
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
888 17th St., N.W., Suite 1200
Washington, D.C. 20006
(202) 298-6161
jschaefer@obmslaw.com

*Attorney for Defendants
Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, The World Company, and White and Steele, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-01672 *SUA SPONTE*, along with a proposed Order was mailed, first class postage prepaid, this ___ day of August 2006, to Kay Sieverding at 641 Basswood Avenue, Verona, WI 53593, David Sieverding at 641 Basswood Avenue, Verona, WI 53593, Ed Sieverding at 641 Basswood Avenue, Verona, WI 53593, and Tom Sieverding at 641 Basswood Avenue, Verona, WI 53593.

I hereby certify that a true copy of the forgoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-01672 *SUA SPONTE*, along with a proposed Order was sent to the following e-mail addresses on August 10, 2006:

Carolyn Beth Lamm clamm@whitecase.com
Danielle Moore danielle.moore@state.co.us
Frank Panopoulos fpanopoulos@whitecase.com

_____
Jerome C. Schaefer