# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING *et al.*,                    :
                                            :
            Plaintiffs,                     :
                                            :        Civil Action No.:    05-1672 (RMU)
            v.                              :
                                            :        Document No.:        40
AMERICAN BAR ASSOCIATION *et al.*,          :
                                            :
            Defendants.                     :

## MEMORANDUM ORDER

### DENYING THE PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

## I. INTRODUCTION

The *pro se* plaintiffs, the Sieverding family, bring this independent action[1] to set aside

two adverse judgments on the basis of fraud. The first judgment that the plaintiffs wish to set

aside is a restraining order issued by the Routt County Court in Colorado against plaintiff Kay

Sieverding. The second judgment is an order of the United States District Court for the District

of Colorado sanctioning the plaintiffs under Federal Rule of Civil Procedure 11, dismissing their

case with prejudice, and enjoining the plaintiffs from further litigation on issues relating to the

same transaction or series of transactions without counsel. On July 17, 2006, this court

dismissed the complaint *sua sponte* because the plaintiffs asserted the same claims as in Civil

---

[1] One judgment in question was entered on March 24, 2004; the other judgment was entered before that date. Def. American Bar Association's ("ABA") Mot. to Dismiss, Exs. 1 & 2. An independent action, also known as an original action, is a proceeding that sounds in equity and "is available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 45, 47 (1998). A party bringing an independent action must show that: (1) the judgment should not, in equity and good conscience, be enforced; (2) a good defense exists; (3) fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970).

Action No. 05-1283.  This matter is now before the count on the plaintiffs' motion to alter or

amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[2]  Because the plaintiffs'

motion essentially reiterates the arguments they have already made, the denies the motion.

## II.  BACKGROUND

### A.  Factual History

This case grows out of a heated property dispute between neighbors in Steamboat,

Colorado.  Am. Compl. at 7-8.  In 1992, the Bennett family erected a fence around their property

that claimed part of a road adjacent to the plaintiffs' home.[3]  *Id.*  The plaintiffs objected to what

they perceived as zoning violations.  Tensions between the families escalated, culminating

ultimately in the issuance of a restraining order against Kay Sieverding.  Am. Compl. at 7.  The

plaintiffs seek relief from the restraining order and judgments from related judicial proceedings.

---

[2]     Because the plaintiffs do not cite a relevant legal standard in their motion for "reconsideration," the court must determine, as a preliminary manner, whether to analyze the motion under Federal Rule of Civil Procedure 59(e) or 60(b).  A motion filed within ten days of the entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e), and a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b).  *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 179 n.1 (D.D.C. 2005).  The court entered its order dismissing the plaintiffs' case on July 20, 2006, and the plaintiffs moved for reconsideration on August 1, 2006.  Excluding holidays and weekends per Federal Rule of Civil Procedure 6(a), the plaintiffs' motion for reconsideration was filed eight days after the court entered its order.  Because the plaintiffs filed their motion less than ten days after the court's entry of judgment, the court analyzes the motion under Rule 59(e).

[3]     The parties' dispute began far back in 1992  "when the Bennetts fenced off and barricaded the road."  Am. Compl. at 8.  The plaintiffs allege that defendant Jane Bennett "put up a fence 60 feet from their property line and through oral and in person threats, written threats by their lawyer, and physical barricade claimed the road bed, about 6000 square feet, as their own to the exclusion of [the] Sieverdings, whose residential property adjoined the disputed road for a substantial length."  *Id.*  The plaintiffs further allege that the "Bennetts also repeatedly launched full sized aerial fireworks about 75 feet downhill from [the] Sieverdings' yard, in violation of national fire safety standard."  *Id.*

2

*Id.* at 7, 26.

## B. Procedural History

The plaintiffs brought suits regarding the restraining order in at least two state court actions and numerous federal court actions. Mem. Op. (July 20, 2006) at 2. In their suit in the United States District Court for the District of Colorado before Magistrate Judge Schlatter, the plaintiffs brought suit against all of the defendants in this case. *Sieverding et al. v. Colo. Bar Ass'n et al.*, 2003 WL 22400218 (D. Colo. Oct. 14, 2003) (unpublished opinion). After a painstakingly thorough review of the plaintiffs' "verbose, prolix, and impossible to understand" complaint,[4] Magistrate Judge Schlatter recommended that the court sanction the plaintiffs, dismiss the case with prejudice and enjoin the plaintiffs from further litigating issues based on the transactions or series of transactions underlying the case, unless represented by counsel. *Id.* at *1. Judge Nottingham of the district court adopted Magistrate Judge Schlatter's recommendations in full. Order, Civ. No. 02-1950 (D. Colo. Mar. 19, 2004) ("Order Accepting Magistrate Judge's Recommendation") at 3. The Tenth Circuit Court of Appeals affirmed the district court's decision. *Sieverding et al. v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion). In response to the Tenth Circuit's ruling, the plaintiffs have filed suits in numerous courts across the nation, in some cases filing multiple suits in the same court.

On August 22, 2005, the plaintiffs brought this action to set aside the Routt County Court and district court of Colorado judgments on the basis of fraud. *See generally* Compl. The plaintiffs contend that the "result in the preceding litigation was not based on the merits," and

---

[4] The Tenth Circuit characterized Magistrate Judge Schlatter's efforts as "Herculean." *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at *1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

that the defendants "intended to subvert the fair administration of justice in the [Colorado actions]." *Id.* at ¶ 423. On July 20, 2006, the court *sua sponte* dismissed the case, reasoning that the instant complaint raised the same allegations as the complaint in Civil Action No. 05-1283, which in turn raised the same allegations that the plaintiffs already litigated in the U.S. District Court of Colorado. Compl. ¶ 420. Eight days later, the plaintiffs filed a motion to alter or amend the judgment. The court now turns to the plaintiffs' motion.

## III. ANALYSIS

### A. Legal Standard for Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is

4

not simply an opportunity to reargue facts and theories upon which a court has already ruled,"

*New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting

theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia*, 995

F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3

(D.D.C. 1997).

### B.  The Court Denies the Plaintiffs' Motion to Alter or Amend the Judgment

The court notes at the outset that even when read in the most generous light possible, the

plaintiffs' motion fails to address whether there is an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear legal error.[5]  *Ciralsky*, 355 F.3d at 671.

"Motions for reconsideration . . . are not simply an opportunity to reargue facts and theories upon

which a court has already ruled."  *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006)

(internal quotations omitted).  Indeed, the plaintiffs' "motion is little more than a rehash of the

arguments" already raised in the briefs submitted to the court.  *Black*, 235 F.R.D. at 533; *see also*

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 ( 7th Cir. 2000) (affirming a district court's denial

of a motion for reconsideration because the motion "did little more than rehash old arguments").

In its memorandum order explaining its reasons for dismissing the case *sua sponte*, the court

concluded that res judicata barred the claims against the defendants.  The court reasoned that the

plaintiffs' claims in this action merely repeated the allegations they raised in Civil Action No. 05-

1283.  Mem. Order (July 20, 2006) at 5.  The plaintiffs' instant motion does not alter the court's

previous analysis, and indeed, supports the conclusion that the claims in this case are the same as

the claims in Civil Action No. 05-1283 and the action before Judge Nottingham.  *See* Pl.'s Mot.

---

[5]        Not only do the plaintiffs fail to address the Rule 59(e) factors, they also fail to address
any of the Rule 60(b) factors.

for Reconsideration at 9 (stating that the plaintiffs' instant action challenges the Tenth Circuit's decision).  Because the plaintiffs' motion is utterly devoid of any new facts or arguments and because the plaintiffs have not established that the court committed a clear legal error in dismissing the case, the court denies the plaintiffs' motion.

Accordingly, it is this 21st day of December, 2006, hereby

**ORDERED** that the plaintiffs' motion to alter or amend the judgment is **DENIED**.

RICARDO M. URBINA
United States District Judge