IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>AMERICAN BAR ASSOCIATION, et al. )<br>)<br>*Defendants*. )<br>) | Case No. 1:05CV01672<br>(RMU) |

## THE ABA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S DECEMBER 21, 2006 ORDER DISMISSING PLAINTIFFS' FIRST MOTION FOR RECONSIDERATION

Defendant the American Bar Association ("ABA") opposes Plaintiffs' Motion for Reconsideration of this Court's December 21, 2006 Order ("Motion")[1] dismissing the first Motion for Reconsideration (docket entry No. 45), and respectfully requests this Court to deny Plaintiffs' Motion.[2] In their Motion, Plaintiffs simply repeat allegations from their first Motion for Reconsideration without presenting anything of a material or controlling nature that would change the outcome of the Court's December 21, 2006 Order ("12/21/06 Order"). In a well-reasoned decision, this Court denied the Plaintiffs' first Motion for Reconsideration "[b]ecause the plaintiffs' motion is utterly devoid of any new facts or arguments and because the plaintiffs

---

[1] Plaintiffs served Defendants the instant Motion by electronic mail on January 9, 2007.

[2] Plaintiffs include another case number in the caption to their motion (*Sieverding v. American Bar Association*, et al., Case No. 1:05CV01283). However, the title of Plaintiffs' motion ("12/21/06 Memorandum Order sua sponte dismissing tort claims on the basis of res judicata") refers only to the Order filed in 05-1672, since the Court's Order for 05CV1283 was filed on November 28, 2006. Moreover, if the present Motion were to apply to case 05CV1283, it would be considered the third motion for reconsideration in that case, despite the fact that there has not yet been a decision on the second motion for reconsideration in that case. For these reasons, the ABA is treating Plaintiffs' motion only as a second motion for reconsideration in 05-1672.

have not established that the court committed a clear legal error in dismissing the case. . . ." 12/21/06 Order at 6. Nothing in Plaintiffs' Motion supports reconsideration of this Court's prior decision.

## **ARGUMENT**

In their Motion, Plaintiffs basically assert that the Court misapplied res judicata in this case, therefore warranting reconsideration of this Court's 12/21/06 Order. *See* Plaintiffs' Motion at 11. Under *Canady v. Erbe Elektromedizin Gmbh*, 99 F. Supp. 2d 37 (D.D.C. 2000), Plaintiffs must meet the following requirements in order to obtain relief under Federal Rule of Civil Procedure 60(b): "(1) The evidence must have been in existence at the time of trial . . . (2) The evidence must be such that it was not and could not by the exercise of due diligence have been discovered in time to present it in the original proceeding; (3) It must not be merely cumulative or impeaching; (4) The evidence must be admissible and credible, and of such a material and controlling nature as will probably change the outcome." *Id.* at 44. In neither the present Motion nor prior motion does Plaintiffs' alleged evidence meet the requirements set forth in *Canady*.

Furthermore, motions for reconsideration "are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted); *compare, McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1415 (D.D.C. 1985) (noting that the court' reaction to the filing of a second motion for reconsideration was one of "disbelief"). Plaintiffs have already presented the arguments contained in their instant Motion in their First Motion for Reconsideration. The ABA therefore respectfully requests that this Court, in again weighing the value of Plaintiffs' arguments, conclude that Plaintiffs' second Motion for Reconsideration must be denied because that Motion, like the first, "is utterly devoid of any new facts or arguments . . . ." 12/21/06 Order at 6.

2

## CONCLUSION

For the foregoing reasons, the ABA requests that Plaintiffs' Motion for Reconsideration of 12/21/06 Memorandum Order sua sponte dismissing tort claims on the basis of res judicata be denied as to the ABA.

Dated: Washington, D.C.
       January 19, 2007

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007 I electronically filed the foregoing The ABA's Opposition to Plaintiffs' Motion for Reconsideration of this Court's December 21, 2006 Order Dismissing Plaintiffs' First Motion for Reconsideration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendants Jane Bennett, Kevin Bennett, Ken Brenner, David Brougham, City of Steamboat Springs, Colorado, Kathy Connell, James Engleken, Art Fiebing, Sandy Fiebing, Daniel Foote, J.D. Hays, Hall and Evans LLP, James Sandy Horner, Paul Hughes, Klauzer & Tremaine, LLC, Randall Klauzer, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendie Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Steamboat Pilot & Today, Arianthe Stettner, Paul Strong, Richard Tremaine, James Weber, and P. Elizabeth Wittemeyer.

I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiff PRO SE

_____
Zachary King