# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5126**    September Term, 2006

05cv01283
05cv01672
05cv02122

MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 10, 5, 07
BY: _____ Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

David Sieverding, AKA Father, et al.,
    Appellants

v.

American Bar Association, et al.,
    Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  AUG - 8 2007

CLERK

Consolidated with 07-7060, 07-7068

**BEFORE:** Sentelle, Rogers, and Brown, Circuit Judges

### ORDER

Upon consideration of the motions to dismiss the appeals, the consolidated response and supplement thereto, and the consolidated reply, it is

**ORDERED** that the motions to dismiss be granted and Nos. 07-5126, 07-7060, and 07-7068 be dismissed. In No. 07-5126 (No. 05cv1283), the April 10, 2007 notice of appeal was filed more than 30 days after entry in the civil docket of the dismissal order and the order denying reconsideration. See Fed. R. App. P. 4(a)(1)(A). Because appellants' motion for relief from judgment was filed more than ten days after entry of judgment, it was properly construed as having been filed pursuant to Federal Rule of Civil Procedure 60(b) and did not suspend the time for filing an appeal from the initial order. See Fed. R. App. P. 4(a)(4). Under this rule, the time runs from the date the order is entered, with no additional allowance made for service by mail. See also Fed. R. Civ. P. 59(e). Nor do appellants' successive motions for reconsideration of the denial of reconsideration suspend the running of the appeal period. See Fed. R. App. P. 4(a)(4); American Security Bank, N.A. v. John Y. Harrison Realty, Inc., 670 F.2d 317, 320-21 (D.C. Cir. 1982) (motion for reconsideration of motion for new trial and other postjudgment relief did not terminate the running of the time for appeal under Rule 4); Glinka v. Maytag Corp., 90 F.3d 72 (2d Cir. 1996) (collecting cases holding that subsequent motion for reconsideration does not reset the filing date for notice of appeal).

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-5126**                                                           **September Term, 2006**

In No. 07-7060 (No. 05cv1672), the motion for relief from judgment was timely filed under Federal Rule of Civil Procedure 59 and, therefore, suspended the running of the appeal period until the motion was decided on December 21, 2006. See Fed. R. App. P. 4(a)(4). The April 10, 2007 notice, however, was filed more than thirty days thereafter. Finally, in No. 07-7068 (No. 05cv2122), appellants first intend to challenge the dismissal order entered July 20, 2006. Appellants' motion for relief from judgment was filed more than ten days after entry of judgment, so it did not suspend the time for filing an appeal. See Fed. R. App. P. 4(a)(4). Because the judgment was not set forth on a separate document, however, as required by Federal Rule of Civil Procedure 58(a)(1), the appeal period did not begin to run until December 18, 2006 – the expiration of 150 days from entry of the judgment in the civil docket. See Fed. R. App. P. 4(a)(7)(A)(ii). Even so, the April 16, 2007 notice was untimely to appeal that order as well as the order denying Rule 60(b) relief and enjoining future pro se lawsuits related to the current cases.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**